**William Travis LIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–98–00043–CR.**

Court of Appeals of Texas,
Austin.

April 15, 1999.

Rehearing Overruled May 20, 1999.

Patricia J. Cummings, Round Rock, for Appellant.

Ken Anderson, Dist. Atty., John M. Bradley, Asst. Dist. Atty., Georgetown, for State.

Before Justices JONES, PATTERSON and ONION *

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

JOHN F. ONION, Jr., Justice (Retired).

■ Appellant William Travis Light was certified by the juvenile court to stand trial as an adult. After the return of the indictment, appellant entered a plea of guilty before the jury to the indictment containing three counts of aggravated sexual assault of a child [1] and one count of indecency with a child.[2] In the unitary trial where punishment was the only issue,[3] the jury assessed appellant's punishment at 10 years' imprisonment on each of the aggravated sexual assault of a child counts and 8 years' imprisonment on the indecency with a child count.

## Points of Error

Appellant advances four points of error all related to the juvenile court's order waiving jurisdiction and transferring appellant to a district court to stand trial as an adult. In his first and fourth points of error, appellant claims that the juvenile court never obtained jurisdiction to enter the certification order, and hence, the district court did not have jurisdiction to try appellant in the absence of a valid waiver of jurisdiction by the juvenile court. These points of error are based on the fact that appellant was not personally served with a summons and a copy of the petition as required by the provisions of the Family Code and the case law of this state. We will sustain these contentions, reverse the convictions, and remand the cause. As a result, we will not reach the second and third points of error challenging the legal sufficiency of the evidence in the certification hearing to support (1) a finding of probable cause and (2) a finding that the welfare of the community required criminal proceedings.

## Facts

The record reflects that appellant was born on August 22, 1980, and was sixteen years of age in June 1997 when the alleged offenses occurred. The petition requesting waiver of jurisdiction and transfer of appellant to criminal court was filed on July 21, 1997. The petition alleged that on June 18, 19, and 21, 1997, appellant committed the offenses of aggravated sexual assault of a child by causing the sexual organ of a child younger than 14 years to contact his mouth, and that on June 21, 1997, he committed the act of indecency with a child by touching the anus or genitals of a child younger than 17 years of age. The evidence showed that the victim was appellant's half-sister who was 10 years old at the time.

The record reflects that appellant was not served personally with a summons or a copy of the petition. The summons directed to appellant was served upon appellant's father by an investigator for the county attorney's office.

The certification hearing was conducted on August 8, 1997, in the 338th District Court, sitting as a juvenile court. Appellant appeared with his father and his attorney. At the commencement of the proceedings the juvenile court inquired of appellant if he had been "served with notice of this summons two entire days before today?" Appellant answered in the

---

1. See Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 7, 1995 Tex. Gen. Laws 2734, 2737. Tex. Penal Code Ann. § 22.021(a)(2)(B) (West Supp.1999), the current code provision, became effective September 1, 1997, after the commission of the instant offense. There was, however, no basic change in the law.

2. See Tex. Penal Code Ann. § 21.11(a)(1) (West 1994).

3. A plea of guilty to a felony charge or offense before a jury admits the existence of all facts necessary to establish guilt, and the introduc-

tion of evidence is to enable the jury to intelligently exercise the discretion invested in the jurors by law in assessing punishment. See Carroll v. State, 975 S.W.2d 630, 631–32 (Tex. Crim.App.1998); Darden v. State, 430 S.W.2d 494, 495 (Tex.Crim.App.1968). The proceeding is a unitary trial, not a bifurcated one. See Tex.Code Crim. Proc. Ann. art. 27.13 (West 1989); Frame v. State, 615 S.W.2d 766, 767 n.'1 (Tex.Crim.App.1981) (citing Basaldua v. State, 481 S.W.2d 851, 853 (Tex.Crim. App.1972) (op. on reh'g)).

affirmative. The order waiving jurisdiction stated: "The Court finds that all those entitled to service of summons were properly served with summons in compliance with 53.07, Texas Family Code, and that this Court has jurisdiction to proceed." The record reflects only one attempted service of summons on appellant.

The record further reflects that appellant's natural parents were divorced. At the age of two he began to live with his maternal grandparents. Later, he began living with his natural father and the father's second wife, the mother of the victim. In 1995 appellant was placed on juvenile probation for one year as a result of a sexual act committed on the same complainant, his then eight-year-old half-sister. Appellant was placed in the home of his paternal grandparents. Appellant's father and his step-mother divorced. After appellant successfully completed his juvenile probation, and during the summer of 1997, appellant again had contact with his half-sister. This is when the offenses occurred. Appellant suffers from an attention deficit hyperactivity disorder and had been given Ritalin, a medication, for his disorder.

Dave Murray, a juvenile probation officer, recommended to the juvenile court at the hearing that the 16 year old appellant be left within the juvenile justice system. It was noted that appellant had no other criminal record save the offenses against a family member. The prosecutor stated to the court that he did not want appellant to go to prison, but felt that appellant needed adult probation. The juvenile court certified appellant to stand trial as an adult.

After indictment, appellant pleaded guilty before a jury to the felony offenses. He sought probation from the jury because the trial judge could not grant probation as a result of the nature of the offenses. See Tex.Code Crim. Proc. Ann. art. 42.12, §§ 3g(a)(1)(C), (E) (West Supp.1999). The jury is under no such prohibition in considering probation. See Tex.Code Crim. Proc. Ann. art. 42.12, § 4 (West Supp.

1999). The jury during its deliberations asked questions about treatment and who "mandated" any condition of probation. The trial court declined to answer the questions. The jury then assessed the three 10–year prison terms and the one 8–year prison term.

### Article 44.47 of the Texas Code of Criminal Procedure

Prior to its 1995 amendment,[4] section 56.01(c)(1)(A) of the Family Code governed the right of appeal from an order of the juvenile court waiving jurisdiction and transferring the juvenile to district court to stand trial as an adult. See Act of May 23, 1991, 72d Leg., R.S., ch. 680, § 1, 1991 Tex. Gen. Laws 2466. Any appeal of the transfer order was to be taken to a court of appeals with a possible review by the supreme court. See id. If there was no appeal or if the juvenile court order was affirmed in the civil appellate process, the case proceeded to the district court to be handled as a criminal case. If there was a criminal conviction, an appeal would be permitted as in other criminal cases. The failure to appeal a transfer order to a civil appellate court would not waive a jurisdictional defect in the transfer process. The issue could be raised for the first time on appeal from a criminal conviction after the transfer. See Johnson v. State, 594 S.W.2d 83, 86 (Tex.Crim.App.1980), overruled on other grounds, Hardesty v. State, 659 S.W.2d 823, 825 (Tex.Crim.App.1983); Johnson v. State, 551 S.W.2d 379, 380 (Tex.Crim.App.1977).

Presently under article 44.47, a defendant may still appeal a juvenile court order waiving jurisdiction and transferring him to a district court for trial as an adult, but the appeal may be taken only in conjunction with an appeal of a conviction of the offense for which the defendant was transferred to a criminal court. See Tex.Code Crim. Proc. Ann. art. 44.47(a), (b) (West Supp.1999) (Act of May 27, 1995, 74th

---

4. See Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, 1995 Tex. Gen. Laws 2517, 2546.

Leg., R.S., ch. 262, § 85, 1995 Tex. Gen. Laws 2517, 2584, effective January 1, 1996). The appeal is a criminal matter governed by the Code of Criminal Procedure and the Texas Rules of Appellate Procedure that apply to a criminal case. *See* Tex.Code Crim. Proc. Ann. art. 44.47(c) (West Supp.1999). "Any appeal under this article may include claims under the laws that existed before January 1, 1996, that could have been raised on direct appeal of a transfer under section 54.02, Family Code." Tex.Code Crim. Proc. Ann. art. 44.47(d) (West Supp.1999); *see generally In the Matter of D. D.*, 938 S.W.2d 172, 173–74 (Tex.App.—Fort Worth 1996, no pet.).

Article 44.47 is clearly applicable to the instant case where the conduct involved occurred in June 1997. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 106(a), 1995 Tex. Gen. Laws 2517, 2591 (providing the revision applies "only to conduct that occurs on or after January 1, 1996"). *See also D. D.*, 938 S.W.2d at 174.

### Article 54.02 of Texas Family Code

■ "The Texas juvenile justice system is a creature of statute. Therefore, juvenile rights not protected by the Texas or United States Constitutions exist only to the extent that they have been created by the legislature." *In the Matter of S.L.L.*, 906 S.W.2d 190, 192 (Tex.App.—Austin 1995, no writ).

■ Section 54.02 of the Texas Family Code provides the procedure for the waiver of jurisdiction by the juvenile court and the discretionary transfer to a district court for trial as an adult. Tex. Fam.Code Ann. § 54.02 (West 1996). Subsection (b) of section 54.02 provides: "The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that hearing is for the purpose of considering discretionary transfer to a criminal court." Tex. Fam.Code Ann. § 54.02(b) (West 1996). Thus, the petition and notice requirement of Chapter 53 dealing with juvenile delinquency proceedings are applicable to the certification hearings.

Sections 53.04 and 53.05 pertain to the petition, answer, and time set for a hearing. *See* Tex. Fam.Code Ann. §§ 53.04, .05 (West 1996). Section 53.06 of the Code provides that the juvenile court shall direct issuance of a summons to the child named in the petition, the child's parent, guardian, guardian ad litem, custodian, or on any other person who appears to be a necessary party to the proceeding. A copy of the petition must accompany the summons which requires the person to appear at the time set to answer the allegations of the petition. Tex. Fam.Code Ann. § 53.06(a)(b) (West 1996). Section 53.06(e) expressly provides "a party, *other than the child,* may waive service of summons by written stipulation or by voluntary appearance at the hearing." Tex. Fam.Code Ann. § 53.06(e) (West 1996) (emphasis added).

Section 53.07(a) of the Code provides that if a person who is to be served with a summons is in the state and can be found he shall be served *personally* at least two days before the hearing. Tex. Fam.Code Ann. § 53.07(a) (West 1996). Subsection (b) provides:

The juvenile court has jurisdiction of the case if after a reasonable effort a person *other than the child* cannot be found nor his post office address ascertained, whether he is in or outside of this state.

*Id.* § 53.07(b) (emphasis added).

### Compliance

■ Compliance with section 54.02(b) is mandatory. *See Polanco v. State*, 914 S.W.2d 269, 270 (Tex.App.—Beaumont 1996, pet. ref'd). Thus, sections 53.04 through 53.07 must be satisfied in proceedings to certify a youthful offender for criminal prosecution as an adult. *See McBride v. State*, 655 S.W.2d 280, 283 (Tex.App.—Houston [14th Dist.] 1983, no pet.). The statutory requirements are "nothing more than a codification of the long-standing

requirement for personal service upon minors." *See In re M.W.*, 523 S.W.2d 513, 515 (Tex.Civ.App.—El Paso 1975, no writ).[5] The "other than the child" language in section 53.06(e) reflects the common law rule that a minor is without legal capacity under the law to waive service of summons. *In re D.W.M.*, 562 S.W.2d 851, 853 (Tex.1978). Thus, a juvenile cannot waive the service of process in a discretionary transfer proceeding. *See In the Matter of H.R.A.*, 790 S.W.2d 102, 107–08 (Tex.App.—Beaumont 1990, no writ). Nor can anyone waive it for him. *D.W.M.*, 562 S.W.2d at 853.

■ The personal service of process on the juvenile must affirmatively appear of record. *Id.* In the absence of a citation served on the juvenile, the juvenile court does not acquire jurisdiction to consider discretionary transfer. *See McBride*, 655 S.W.2d at 283; *Watson v. State*, 587 S.W.2d 161, 162 (Tex.Crim.App.1979).

■■ Both the Supreme Court of Texas and the Court of Criminal Appeals have consistently held that the jurisdiction of the juvenile court is lacking where the record discloses that the juvenile has not been personally served with a summons to a certification hearing. *See D.W.M.*, 562 S.W.2d at 852; *In re W.L.C.*, 562 S.W.2d 454, 455 (Tex.1978); *Grayless v. State*, 567 S.W.2d 216, 218 (Tex.Crim.App.1978); *Johnson*, 551 S.W.2d at 381. The juvenile's appearance at the hearing and the failure to object to the lack of a proper summons does not constitute a waiver. *Grayless*, 567 S.W.2d at 219–20; *Deleon v. State*, 728 S.W.2d 935, 939 (Tex.App.— Amarillo 1987, no pet.). The same is true even if an answer is filed by an attorney for the juvenile. *See M.W.*, 523 S.W.2d at 515. Moreover, the fact that the juvenile appeared at the hearing with his attorney and his mother and "no harm" was alleged or shown is of no consequence. *See H.R.A.*, 790 S.W.2d at 107. Any transfer order without valid service is a nullity. *Polanco*, 914 S.W.2d at 270. The juvenile court never acquired jurisdiction over appellant in this case. The State would have it another way and presents argument.

## State's Argument

The State does not challenge the legion of cases holding that the juvenile court is without jurisdiction in the absence of personal service upon the juvenile. The State divides its answer to points of error one and four into three parts: (1) failure to preserve error, (2) proper personal service, and (3) harmless error.

## Failure to Preserve

The district attorney separates his failure to preserve error argument into three claims: first, appellant failed to follow the statutory requirement for raising a jurisdiction issue; second, appellant failed to follow the appellate rules of procedure; and third, appellant waived any error by pleading guilty in district court.

## Article 4.18 of the Texas Code of Criminal Procedure

■ The State takes the position that appellant was statutorily required to raise in the district court by written motion the issue of that court's jurisdiction over him, and that failure to do so waived the claim now advanced. *See* Tex.Code Crim. Proc. Ann. art. 4.18 (West Supp.1999).

Article 4.18(a) provides:

(a) A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court could not waive juris-

---

5. *M.W.* cited, inter alia, *Wheeler v. Ahrenbeak*, 54 Tex. 535 (Tex.1881) (holding right of service could not be waived by minor even though "no injustice in fact was done by failure to serve the minor defendants personally with process") and *Wright v. Jones*, 52 S.W.2d 247 (Tex. Comm'n App.1932, holding approved) (noting that a person non sui juris, such as a minor, cannot appear and thereby confer jurisdiction of court over him). *M.W.*, 523 S.W.2d at 514.

diction under Section 8.07(a), Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by written motion in bar of prosecution filed with the court in which criminal charges against the person are filed.[6]

A careful reading shows that article 4.18 is expressly limited to situations where the juvenile court could not waive jurisdiction under section 8.07(a) of the Penal Code or did not waive jurisdiction under section 8.07(b) of the Penal Code, .regarding age affecting criminal responsibility. *See* Tex. Penal Code Ann. § 8.07 (West Supp.1999).

At the time of the instant offenses, section 8.07(a) prohibited, with certain exceptions, prosecution or conviction of an individual under the age of fifteen. Section 8.07(b) in effect at the time provided that no person under the age of seventeen may be prosecuted unless the juvenile court waived jurisdiction under section 54.02 of the Family Code and its guidelines. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 77, 1995 Tex. Gen. Laws 2517, 2581, effective January 1, 1996.[7]

It is obvious that article 4.18 was added to the Code of Criminal Procedure to overcome the holding in *Bannister v. State,* 552 S.W.2d 124 (Tex.Crim.App.1977), which read 1974 Penal Code provisions in light of the juvenile court's jurisdiction under the Family Code. *See* Robert O. Dawson, *Texas Juvenile Law: An Analysis of Juvenile Statutory and Case Law For Texas Juvenile Justice Officials,* Ch. 3, pp. 25–27 (4th Ed.1996); 343 George E. Dix and Robert O. Dawson, *Criminal Practice and Procedure,* § 45.91 at 489–90 (Texas Practice 1995). In *Bannister,* the defendant "played the game of 'courts' and won." *Bannister,* 552 S.W.2d at 125. Using a false name, and leading her attorney and the trial court to believe she was 19 years old or older, the defendant pleaded guilty to the burglary of a habitation and received probation. At the time of revocation of probation, *Bannister* proved that she was 15 years old at the time of the guilty plea and now 18 years old. Upon review, it was held that neither the juvenile court nor the district court had jurisdiction over her in view of the Family Code provisions and section 8.07 of the 1974 Penal Code. *Id.* at 130; *see also Ex parte Pierce,* 621 S.W.2d 634 (Tex.Crim. App.1981); *Ex parte McCullough,* 598 S.W.2d 272 (Tex.Crim.App.1980); Robert O. Dawson, *Responding to Misrepresentations, Nondisclosures and Incorrect Assumptions about the Age of Accused: The Jurisdictional Boundary Between Juvenile and Criminal Courts in Texas,* 18 St. Mary's Law Journal 1117–1164 (1978) (dis-

---

**6.** The balance of the statute deals principally with procedure:

(b) The motion must be filed and presented to the presiding judge of the court:

(1) if the defendant enters a plea of guilty or no contest, before the plea;

(2) if the defendant's guilt or punishment is tried or determined by a jury, before selection of the jury begins; or

(3) if the defendant's guilt is tried by the court, before the first witness is sworn.

(c) Unless the motion is not contested, the presiding judge shall promptly conduct a hearing without a jury and rule on the motion. The party making the motion has the burden of establishing by a preponderance of the evidence those facts necessary for the motion to prevail.

(d) A person may not contest the jurisdiction of the court on the ground that the juvenile court has exclusive jurisdiction if:

(1) the person does not file a motion within the time requirements of this article; or

(2) the presiding judge finds under Subsection (c) that a motion made under this article does not prevail.

(e) An appellate court may review a trial court's determination under this article, if otherwise authorized by law, only after conviction in the trial court.

(f) A court that finds that it lacks jurisdiction over a case because exclusive jurisdiction is in the juvenile court shall transfer the case to the juvenile court as provided by Section 51.08, Family Code.

Tex.Code Crim. Proc. Ann. art. 4.18(b)-(f) (West Supp.1999).

**7.** The current law is basically the same. *See* Tex. Penal Code Ann. § 8.07 (West Supp. 1999).

cussing the *Bannister* opinion and related cases).

■ Jurisdiction, being a fundamental stricture on the power of the court, cannot be conferred by agreement, consent, or waiver, where none exists. *See Lemley v. Miller,* 932 S.W.2d 284, 286 (Tex.App.—Austin 1996, no writ); *Gonzalez v. Sanchez,* 927 S.W.2d 218, 221 (Tex.App.—El Paso 1996, no writ); *Howell v. Mauzy,* 899 S.W.2d 690, 699 (Tex.App.—Austin 1994, writ denied). If it can be said that a defendant waives a jurisdictional claim when he does not timely follow a statutory procedure, article 4.18 does not provide an all-inclusive procedure but is limited by its very terms to situations involving age.

Article 4.18 is not applicable to situations where, as here, the juvenile court has not acquired jurisdiction because of a defect in the service of the summons and petition upon the juvenile which in turn deprives the district court of jurisdiction.

Although not cited by the State, we are aware of *Miller v. State,* 981 S.W.2d 447 (Tex.App.—Texarkana 1998, pet. ref'd). In *Miller,* the juvenile defendant was indicted and tried for an offense different or other than the offense involved in the certification order of the juvenile court. *Id.* at 448. The appellate court held that article 4.18 "now governs claims that the trial court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court did not waive jurisdiction." *Id.* at 449. The *Miller* court affirmed the conviction because the defendant failed to file his article 4.18 motion. *Id.* The reviewing court overlooked the limited application of article 4.18. Moreover, the court did not take into consideration the provisions of article 44.47(b) of the Code of Criminal Procedure or section 8.07(b) of the Penal Code with regard to the uncertified of-

fense. We decline to follow *Miller.*[8] The State's reliance upon article 4.18 is misplaced.

■ Next, the State argues that appellant failed to preserve error in the absence of a timely specific objection and a ruling by the trial court. *See* Tex.R.App. P. 33.1(a). The State does not make clear whether the objection should have been lodged in juvenile or district court. It does argue that the error in failing to deliver the summons personally was procedural in nature, not jurisdictional, and that a timely objection was essential.

To support its claim of nonjurisdictional error, the State cites *Davis v. State,* 956 S.W.2d 555 (Tex.Crim.App.1997). On appeal Davis challenged the order revoking probation previously granted for the offense of possession of a controlled substance. He claimed that the order of the magistrate [working in the district court system] accepting his plea of guilty and placing him on probation was void as jurisdiction was lacking. This claim was based on the fact that the district court's order referring the case to the magistrate was signed two days after the plea and was untimely. The court of appeals agreed and reversed the conviction. *See Davis v. State,* 928 S.W.2d 289, 291 (Tex.App.—Fort Worth [14th Dist.] 1996). The Court of Criminal Appeals reversed and affirmed the trial court. It stated:

> The error in this case concerned the process by which the district court judge referred this case to its surrogate, whose acts were adopted by the trial court. Therefore, jurisdiction was not affected and the order placing appellant on probation was not void even though a procedural irregularity arose due to the untimeliness of the referral order. This is not to say that the case was properly transferred only that the error was not

---

**8.** The petition for discretionary review in *Miller v. State,* No. 0034–99 (Tex.Crim.App.), did not clearly raise or even brief the issue of the limited application of article 4.18, or mention the language of article 44.47(b) relating to a conviction of the "offense for which the defendant was transferred to criminal court." Tex.Code Crim. Proc. Ann. art. 44.47(b) (West Supp.1999). The petition was refused March 10, 1999.

jurisdictional and the conviction is not void.

*Davis,* 956 S.W.2d at 560.

■ A judgment is void only if the court rendering the judgment has no jurisdiction over the subject matter, no personal jurisdiction over a party, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *See Adams v. State,* 827 S.W.2d 31, 33 (Tex.App.—Dallas 1992, no pet.). In *Davis,* the district court had all the necessary elements of jurisdiction. The only error was the belated referral to the magistrate acting as a surrogate. *Davis* is distinguishable from the instant case.

The State also cites *Fontenot v. State,* 932 S.W.2d 185, 190 (Tex.App.—Fort Worth 1996, no pet.), for the proposition that if the court has jurisdiction of the parties and subject matter, its actions are not void no matter how erroneous they may be. The broad statement in *Fontenot* is questionable as it does not consider all the elements of jurisdiction. Moreover, in *Fontenot,* the court had personal jurisdiction of the defendant which distinguishes it from the instant case.

Third, the State argues that when appellant pleaded guilty before the jury in district court, he waived all nonjurisdictional defects. *See Jack v. State,* 871 S.W.2d 741 (Tex.Crim.App.1994). The case law clearly holds the error here was jurisdictional, thus *Jack* is inapplicable.

■ We reject the State's argument that appellant somehow failed to preserve error. A lack of jurisdiction may be questioned at any stage of the proceedings, even on appeal. *See Methodist Hospitals of Dallas v. Texas Workers' Compensation Comm'n,* 874 S.W.2d 144, 149 (Tex.App.—Austin 1994, no writ); *Lopez v. State,* 756 S.W.2d 49, 51 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). This is true in both civil and criminal matters. *See Ex parte Rogers,* 820 S.W.2d 35, 37 (Tex.App.—Corpus Christi 1991, no pet.).

## Proper Personal Jurisdiction

■ The State further contends that the service of the summons and petition on appellant was proper. It relies upon appellant's affirmative answer to the juvenile court's inquiry about service and the finding in the juvenile court's order that "all" persons had been properly summoned in compliance with section 53.07 of the Family Code. The State urges the presumption of regularity normally given to the judgments and orders of the trial court. *See Breazeale v. State,* 683 S.W.2d 446, 450–51 (Tex.Crim.App.1985) (op. on reh'g).

■ "Texas appellate courts have refused to apply a 'presumption of regularity' to discretionary transfer proceedings." 29 Thomas S. Morgan, *Juvenile Law and Practice* § 422, at 111–12 (Texas Practice 1985). *See also White v. State,* 576 S.W.2d 843, 845 (Tex.Crim.App.1979); *Whytus v. State,* 624 S.W.2d 290, 291 (Tex.App.—Dallas 1981, no pet.); *L.M. v. State,* 618 S.W.2d 808, 811 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). The governing statutes in certification or discretionary transfer proceedings are mandatory to which there has been a strict adherence. *See In re J.R.C.* 522 S.W.2d 579, 584 (Tex. Civ.App.—Texarkana 1975, writ ref'd n.r.e.).

The State admits that there is evidence in the record contrary to the juvenile court's order. It makes no claim that there was a second or independent service of summons on appellant. The cases discussed earlier make clear that a juvenile cannot legally waive the personal service of the summons in a certification hearing. Nevertheless, the State argues that under the circumstances, appellant, in effect, waived such service. It observed, however, that under Title 3 of the Juvenile Justice Code of Chapter 51 of the Family Code, any right granted to a child under the title or by the constitution and laws of this state or the United States may be waived only if the waiver is made by the child and his attorney after being duly

warned of the right and the consequences of waiving it, is voluntary, and is made in writing or in a recorded court proceeding. *See* Tex. Fam.Code Ann. § 51.09(a) (West 1996). No such waiver appears in the instant record.

### Harmless Error

Lastly, the State urges that the nonconstitutional error was harmless. *See* Tex.R.App. P. 44.2(b). The rule provides: "[A]ny other [than constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

The State relies upon *Cain v. State,* 947 S.W.2d 262 (Tex.Crim.App.1997), in its interpretation of former Rule 81(b)(2), the forerunner of Rule 44.2(b). In *Cain,* the court wrote: "Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Id.* at 264. But the court later added: "Hence, it may be true that some kinds of errors (particularly jurisdictional ones) will never be harmless under the Rule 81(b)(2) test and that some other kinds of error will rarely be harmless." *Id.*

The *Cain* court asserted that jurisdictional error is not immune from harmless error analysis, but immediately softened the boldness of its earlier statement by recognizing that some jurisdictional error will never be harmless.

Rule 81(b)(2) has been superseded by Rule 44.2 which has divided the harmless error analysis into one for constitutional error and one for nonconstitutional error. We need not determine, however, whether the instant jurisdictional error is subject to a harmless error analysis. Section 22.108(a) of the Texas Government Code provides:

> (a) The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases *except that its rules may not abridge, enlarge, or modify the substantial rights of a litigant.*

Tex. Gov't Code Ann. § 22.108(a) (West 1988) (emphasis added); *State v. Hardy,* 963 S.W.2d 516 (Tex.Crim.App.1997).

In determining the meaning of a statute, the starting point is the language of the statute itself. When the language of the statute is unambiguous, we must give effect to the plain meaning of the words unless doing so would lead to absurd results. *See Boykin v. State,* 818 S.W.2d 782, 785–86 n. 4 (Tex.Crim.App.1991). Section 22.108(a) is unambiguous and must be given its plain meaning. Rule 44.2(b) adopted by the Court of Criminal Appeals cannot abridge or modify the substantial rights of appellant afforded him by the mandatory Family Code statutes as consistently interpreted by the two high courts of this state. We reject all of the State's arguments.

Non-compliance with section 54.02 of the Texas Family Code deprived the juvenile court of jurisdiction; thus, the district court never acquired jurisdiction. "If a jurisdictional defect renders a step void, then there is no jurisdiction to proceed with the next step." *Watson,* 587 S.W.2d at 163. Appellant's first and fourth points of error are sustained.

The judgment is vacated and the cause remanded to the juvenile court for action

not inconsistent with this opinion.[9]

Vacated and Remanded

---

9. The juvenile court retains the power to transfer a child to criminal court for prosecution as an adult until the transfer decision has been finally decided even though the child may become 18 years of age during the proceedings. *See* Tex. Fam.Code Ann. §§ 51.041, 54.02 (West 1996); *R.E.M. v. State*, 569 S.W.2d 613, 615 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.).