NO 07-01-0424-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 2, 2002

__________________________________________

DOUGLAS PRINE,

  Appellant

v.

THE STATE OF TEXAS,

  Appellee

____________________________________________

FROM THE 183rd DISTRICT COURT OF HARRIS COUNTY;

NO.  834,588; HON.  JOAN HUFFMAN, PRESIDING

_____________________________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Douglas Prine (appellant) appeals from a judgment adjudicating him guilty of aggravated assault with a deadly weapon.  We affirm.

The trial court initially deferred appellant's adjudication of guilt and placed him on community supervision. The state subsequently moved to adjudicate him guilty. The court granted the motion, adjudicated appellant guilty, and sentenced him to 40 years in prison.
  
Appellant perfected a timely appeal, but his appointed counsel filed an 
Anders
 brief.
(footnote: 1)  In the latter, counsel addressed two potential issues but concluded they were groundless.  So too did she inform appellant of this circumstance and his right to review the record and tender a 
pro se
 response.  Appellant tendered such a response which encompassed the same issues mentioned by counsel and one other.  
We now address the validity of same.

Appellant’s first issue concerns his right to self-representation at the time he pled guilty to the charges ultimately resulting in his conviction.  He contends that he is able to raise the matter under the authority of 
Jordan v.  State
, 54 S.W.3d 783 (Tex.  Crim.  App.  2001).  However, his reliance on 
Jordan
 is misplaced.  
Jordan
 dealt with the ability of an appellant initially granted deferred adjudication to attack his plea after being adjudicated guilty.  Normally, complaints regarding the initial plea and matter arising prior thereto must be raised immediately after the trial court’s decision to defer the adjudication of guilt.  
Manuel v.  State, 
994 S.W.2d 658, 661-62 (Tex.  Crim.  App.  1999).  With the advent of 
Jordan
, matters which could have been asserted and that void the judgment may now be raised once guilt is adjudicated.  
Id.
 at 785-87.  Nevertheless, this window of opportunity is small for a judgment is void only if the court rendering it had no jurisdiction over the subject matter or person involved or lacked the power to enter it or the capacity to act as a court.  
Light v. State
, 993 S.W.2d 740, 749 (Tex. App.–Austin 1999), 
rev’d on other grounds
, 15 S.W.3d 104 (Tex. Crim. App. 2000); 
Adams v. State
, 827 S.W.2d 31, 33 (Tex. App.–Dallas 1992, no pet.).  And, the contention at bar regarding 
the ability to represent oneself at trial falls within none of these categories.  Thus, it is not something which we can address.
 

The next issue mentioned by appellant and counsel involves the voluntariness of appellant’s initial plea of guilty.  Yet, this too is something which we cannot consider due to 
Cooper v.  State,
 45 S.W.3d 77 (Tex.  Crim.  App.  2001).  Nor may we address the third and final ground asserted, 
i.e.
 the effectiveness of counsel at the time of the initial plea.  Like the matter of voluntariness, it too is a subject that could have been raised on appeal immediately after the trial court deferred appellant’s adjudication of guilt but which does not 
void
  the judgment.   

Finally, upon conducting our own independent review of the file pursuant to 
Stafford v.  State, 
813 S.W.2d 503 (Tex.  Crim.  App.  1991), we discern no issue warranting reversal.  Accordingly, the judgment of the trial court is affirmed.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
Anders v.  California, 
386 U.S. 738, 87 S.Ct.  1396, 18 L.Ed.2d 493 (1967).