NO. 07-01-0438-CR 

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 28, 2002

______________________________

COLLIE B. WILLARD, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 95-420,722; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pursuant to a plea bargain,
(footnote: 1) on September 30, 1997, appellant Collie B. Willard, III was convicted of possession of a controlled substance and punishment was assessed at five years confinement, suspended.  Upon the State’s second amended motion to revoke appellant’s community supervision for violations of the conditions thereof, on August 23, 2001, the trial court revoked community supervision and assessed punishment at four years confinement.  Appellant filed a general notice of appeal challenging the trial court’s judgment.  In presenting this appeal, counsel has filed an 
Anders
(footnote: 2) brief in support of a motion to withdraw.  Based upon the rationale expressed herein, the appeal is dismissed for want of jurisdiction.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a 
pro se
 brief if he desired to do so.  Appellant did not file a 
pro se 
brief nor did the State favor us with a brief.

Appellate jurisdiction is invoked by filing a timely and proper notice of appeal.  
See
 State v. Riewe, 13 S.W3d 408, 410 (Tex.Cr.App. 2000).
  To perfect an appeal from a judgment that was rendered on a defendant’s guilty plea and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal.  Tex. R. App. P. 25.2(b)(3); 
see
 
also
 White v. State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001) (holding that the notice requirements set forth in Rule 25.2(b)(3) should be interpreted according to their plain meaning and that failing to meet the requirements fails to invoke the jurisdiction of an appellate court); 
see also
 Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Cr.App. 2001) (holding that the notice of appeal limitations of Rule 25.2(b)(3) apply to an appeal from a conviction rendered on a guilty plea with agreed punishment). 

Appellant’s notice of appeal does not contain any of the requirements set forth in Rule 25.2(b)(3) necessary to invoke this Court’s jurisdiction over his conviction.  Thus, our jurisdiction has not been invoked and the appeal must be dismissed.
  
Accordingly, the appeal is dismissed for want of jurisdiction and we are without jurisdiction to rule on counsel’s motion to withdraw.

Don H. Reavis

     Justice

Do not publish.
  
åÆ,dlÅ*CODE
åÆ4ææÅ2Emphasis
åÆ6íÉÅ4Hyperlink
åÆ<íÉÅ:FollowedHype
åÆ4goÅ2Keyboard
åÆ<æÆ:Preformatted
åÆ<æÆ:zBottomßofß

&ÆúçÅÃÆÆdÃÆdå;)ÄÅ1ùÆdxd'ÆùdxdåÆ<æÆ:zTopßofßFor

å;)ÄÅ2ùàdxdåÆ0KSÅ.Sample
åÆ0ææÅ.Strong
åÆ8dlÅ6Typewriter
åÆ4ææÅ2Variable
åÆ:ØÇÅ8HTMLßMarkup
åÆ2ãÅ0Comment<Ñ6ÉXáå9`(ÑñúCourierßNewÖö\êöâèâ`õèñ&TimesßNewßRoman%Ö2ñáøA`ñÉñêArialåã4å
1Anders v.  California, 
386 U.S. 738, 87 S.Ct.  1396, 18 L.Ed.2d 493 (1967).åÆ(.(å3($ 
0åÆ(æÕåí#$
0åÆ(ííÅæ O$
ÕÆåèÉåÃÉÉd
 NO 07-01-0424-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 2, 2002

__________________________________________

DOUGLAS PRINE,

  Appellant

v.

THE STATE OF TEXAS,

  Appellee

____________________________________________

FROM THE 183rd DISTRICT COURT OF HARRIS COUNTY;

NO.  834,588; HON.  JOAN HUFFMAN, PRESIDING

_____________________________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Douglas Prine (appellant) appeals from a judgment adjudicating him guilty of aggravated assault with a deadly weapon.  We affirm.

The trial court initially deferred appellant's adjudication of guilt and placed him on community supervision. The state subsequently moved to adjudicate him guilty. The court granted the motion, adjudicated appellant guilty, and sentenced him to 40 years in prison.
  
Appellant perfected a timely appeal, but his appointed counsel filed an 
Anders
 brief.
(footnote: 1)  In the latter, counsel addressed two potential issues but concluded they were groundless.  So too did she inform appellant of this circumstance and his right to review the record and tender a 
pro se
 response.  Appellant tendered such a response which encompassed the same issues mentioned by counsel and one other.  
We now address the validity of same.

Appellant’s first issue concerns his right to self-representation at the time he pled guilty to the charges ultimately resulting in his conviction.  He contends that he is able to raise the matter under the authority of 
Jordan v.  State
, 54 S.W.3d 783 (Tex.  Crim.  App.  2001).  However, his reliance on 
Jordan
 is misplaced.  
Jordan
 dealt with the ability of an appellant initially granted deferred adjudication to attack his plea after being adjudicated guilty.  Normally, complaints regarding the initial plea and matter arising prior thereto must be raised immediately after the trial court’s decision to defer the adjudication of guilt.  
Manuel v.  State, 
994 S.W.2d 658, 661-62 (Tex.  Crim.  App.  1999).  With the advent of 
Jordan
, matters which could have been asserted and that void the judgment may now be raised once guilt is adjudicated.  
Id.
 at 785-87.  Nevertheless, this window of opportunity is small for a judgment is void only if the court rendering it had no jurisdiction over the subject matter or person involved or lacked the power to enter it or the capacity to act as a court.  
Light v. State
, 993 S.W.2d 740, 749 (Tex. App.–Austin 1999), 
rev’d on other grounds
, 15 S.W.3d 104 (Tex. Crim. App. 2000); 
Adams v. State
, 827 S.W.2d 31, 33 (Tex. App.–Dallas 1992, no pet.).  And, the contention at bar regarding 
the ability to represent oneself at trial falls within none of these categories.  Thus, it is not something which we can address.
 

The next issue mentioned by appellant and counsel involves the voluntariness of appellant’s initial plea of guilty.  Yet, this too is something which we cannot consider due to 
Cooper v.  State,
 45 S.W.3d 77 (Tex.  Crim.  App.  2001).  Nor may we address the third and final ground asserted, 
i.e.
 the effectiveness of counsel at the time of the initial plea.  Like the matter of voluntariness, it too is a subject that could have been raised on appeal immediately after the trial court deferred appellant’s adjudication of guilt but which does not 
void
  the judgment.   

Finally, upon conducting our own independent review of the file pursuant to 
Stafford v.  State, 
813 S.W.2d 503 (Tex.  Crim.  App.  1991), we discern no issue warranting reversal.  Accordingly, the judgment of the trial court is affirmed.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
The criminal docket sheet included in the clerk’s record reflects that appellant entered into a plea bargain agreement.

2:
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

1: