ACCEPTED
14-14-01008-cr
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/30/2015 2:48:59 PM
CHRISTOPHER PRINE
CLERK

## No. 14-14-01008-CR

In the
Court of Appeals
For the
Fourteenth Judicial District of Texas
At Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

7/30/2015 2:48:59 PM

CHRISTOPHER A. PRINE
Clerk

——————◆——————

## No. 1314040

In the 248th District Court of
Harris County, Texas

——————◆——————

### MARY KUOL

*Appellant*

v.

### THE STATE OF TEXAS

*Appellee*

——————◆——————

STATE'S APPELLATE BRIEF

——————◆——————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**CARLY DESSAUER**
Assistant District Attorney

**ANDREA MOSELEY &**
**HANS NIELSEN**
Assistant District Attorney

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
Tel.:  713/755-5826
Fax No.:  713/755-5809

ORAL ARGUMENT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 9.4(g) and Texas Rule of Appellate Procedure 39.1, the State requests oral argument only if Appellant requests oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Carly Dessauer** — Assistant District Attorney on appeal

**Andrea Moseley** — Assistant District Attorney at trial

**Hans Nielsen** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Mary Kuol**[1]

Counsel for Appellant:

**Janie Maselli Wood** — Attorney on appeal

**David A. Jones** — Attorney at trial

Trial Judge:

**Hon. Katherine Cabaniss**

---

[1] Appellant's last name is alternately spelled "Kuol" and "Koul" throughout the record. The State will use the spelling that appears on appellant's judgment and that is used by this Court on its webpage (CR at 89). Fourteenth Court of Appeals, Case: 14-14-01008-CR, http://www.search.txcourts.gov/Case.aspx?cn=14-14-01008-CR&coa=coa14 (last visited June 30, 2014).

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...................................................... ii

IDENTIFICATION OF THE PARTIES ........................................................................ ii

TABLE OF AUTHORITIES ....................................................................................... iv

STATEMENT OF THE CASE ...................................................................................... 1

QUESTIONS PRESENTED .......................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

SUMMARY OF THE ARGUMENT ............................................................................. 3

REPLY TO APPELLANT'S POINT OF ERROR ......................................................... 4

I.  Appellant seeks to collaterally attack of the five enhancement judgments of prostitution and also void her current judgment of felony prostitution. ................... 4

    a.  The record leaves questions regarding the prior judgments that Appellant seeks to collaterally attack. ........................................................ 6

    b.  Appellant seeks to "play the game of 'courts'" which the legislature has sought to prevent when it reformed the Juvenile Justice Code. ........................... 8

CONCLUSION ........................................................................................................... 13

CERTIFICATE OF COMPLIANCE .......................................................................... 14

CERTIFICATE OF SERVICE .................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**

*Bannister v. State*,
552 S.W.2d 124 (Tex. Crim. App. 1977) .................................................... 1, 9

*Ex parte Waggoner*,
61 S.W.3d 429 (Tex. Crim. App. 2001) ................................................... 10, 12

*In re B.W.*,
313 S.W.3d 818 (Tex. 2010) ...................................................................... 6

*In re E.D.C.*,
88 S.W.3d 789 (Tex. App.—El Paso 2002, no pet.) ..................................... 11

*Kendall v. Kendall*,
340 S.W.3d 483 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ............................ 4, 5

*Light v. State*,
993 S.W.2d 740 (Tex. App.—Austin 1999),
*vacated on other grounds*, 15 S.W.3d 104 (Tex. Crim. App. 2000) ....................... 10, 11, 12

*Nix v. State*,
65 S.W.3d 664 (Tex. Crim. App. 2001) ............................................... 1, 4, 5, 8


**STATUTES**

TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005) ...................................... 6

TEX. CODE CRIM. PROC. ANN. art. 4.18 (West 2005) ...................................... 11

TEX. FAMILY CODE ANN. §51.02 (West 2014) ............................................. 6

TEX. FAMILY CODE ANN. §51.03 (West 2014) ............................................. 6

TEX. FAMILY CODE ANN. §51.04 (West 2014) ............................................. 6

TEX. FAMILY CODE ANN. §51.042 (West 2014) ............................................ 11

TEX. FAMILY CODE ANN. §51.08 (West 2014) ............................................. 9

TEX. PENAL CODE ANN. §43.02 (West Supp. 2014) ....................................... 5


**OTHER AUTHORITIES**

Tex. H.B. 327, 74th Leg., R.S. (1995) ......................................................... 10

**RULES**

TEX. R. APP. P. 9.4(g) ................................................................................. ii

TEX. R. APP. P. 9.4(i). .............................................................................. 14

TEX. R. APP. P. 38.2(a)(1)(A) ..................................................................... ii

TEX. R. APP. P. 39.1 ................................................................................. ii

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with felony prostitution (CR at 10). She entered a plea of guilty, and the trial court deferred adjudicating her guilt (CR at 48-49, 59). The State subsequently filed a motion to adjudicate, and after Appellant entered a plea of true to the State's allegations, the court assessed punishment at three years confinement (CR at 65-66, 74-75, 82-83, 89-90). Appellant filed a Motion in Arrest of Judgment/Motion for New Trial (CR at 108-46, 187-92). The court held a hearing and ultimately denied Appellant's claims (1 RR; CR at 194). The court certified Appellant's right to appeal, and she filed a timely notice of appeal (CR at 95-96, 101).

## QUESTIONS PRESENTED

**Question 1:** Does the record "leave no question about the existence of [a] fundamental [jurisdictional] defect" in the five prior prostitution judgments used to enhance Appellant's current felony prostitution charge and thus render the prior convictions void?[2]

**Question 2:** Does a defendant who "plays the game of 'courts'" still win when she misrepresents her age for a misdemeanor conviction despite the legislative changes seeking to thwart such a result?[3]

---

[2] *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).
[3] *Bannister v. State*, 552 S.W.2d 124, 125 (Tex. Crim. App. 1977) (describing Bannister's misrepresentation of her age to avoid the jurisdiction of the appropriate court as having "played the game of 'courts'")

1

## STATEMENT OF FACTS

Appellant was charged with felony prostitution (CR at 10). The offense was enhanced to felony prostitution by five prior prostitution convictions from Dallas County (CR at 10-47). After pleading guilty to the offense of felony prostitution, Appellant was placed on deferred adjudication (CR at 48-49, 59). After the State filed a subsequent motion to adjudicate her guilt, the trial court found Appellant guilty and sentenced her to three years confinement (CR at 65-66, 74-75, 82-83, 89-90).

Within thirty days after the trial court entered its judgment, Appellant filed a Motion in Arrest of Judgment/Motion for New Trial alleging that her current felony prostitution charge was void for lack of jurisdiction because all of the five prostitution convictions used to enhance her current felony prostitution charge were also void (CR at 108-11). Appellant claimed that the five prior prostitution convictions involved judgments that were entered when she was a juvenile and the county and district courts entering those convictions did not have jurisdiction as jurisdiction rested exclusively in the juvenile court (CR at 108-11; 1 RR at 5-6). Specifically, Appellant argued that the three misdemeanor offenses—cause numbers M-9959366, M-9972601, and M-9960264—occurred when she fourteen years old and that the two felony offenses—cause numbers F-0253370 and F-0255350—relied on misdemeanor offenses that occurred when she was sixteen (CR at 109-10; 1 RR at 6-7). All five of these convictions named the defendant as "Ebony Lashon Taylor" and listed "Ebony's" date of birth as June 12, 1982 (CR at 12-13, 15-16, 25-26, 28, 32, 38, 42).

2

Appellant presented the trial court with all of the prior judgments and as well as proof of a certified copy of her driver's license (CR at 190; Def. Ex. 1). After hearing the arguments of counsel, the trial court overruled her Motion in Arrest of Judgment/Motion for New Trial (CR at 194).

## SUMMARY OF THE ARGUMENT

As the record leaves questions about the enhancement judgments used in Appellant's current felony prostitution charge, Appellant has not met her burden of demonstrating that the judgments she seeks to collaterally attack are void. The record provides no explanation of the name and date of birth that appear on the judgments and whether Appellant used an alias, a false date of birth, or subsequently changed her name. With the record unclear on this point, too many questions remain to demonstrate that the convictions are void.

In the alternate, if the record leaves no question about the enhancement judgments, Appellant should not be able to void her convictions if she misled the courts about her age—which is not explained in this record but could be a possible explanation for the different names appearing on the Dallas County judgments. Changes in the law applicable to juvenile waiver of a juvenile court's jurisdiction should apply to Appellant's convictions to prevent her from being able to attack the jurisdiction of the courts when she did not inform the courts of her age.

3

**I.** **Appellant seeks to collaterally attack of the five enhancement judgments of prostitution and also void her current judgment of felony prostitution.**

In her brief, Appellant argues that the five prior judgments used to enhance her current felony prostitution conviction are all void for lack of jurisdiction and that the lack of valid enhancement offenses renders her current offense void as well. Appellant's claims on the enhancement judgments constitute a collateral attack on the prior judgments. To address Appellant's claims, this Court must first decide if she met her burden of showing that her prior convictions are void on the record presented to it.

### *Standard of Review*

A collateral attack is "an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose." *Kendall v. Kendall*, 340 S.W.3d 483, 504 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Armentor v. Kern,* 178 S.W.3d 147, 149 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). A party may collaterally attack a judgment only if the judgment is void. *Kendall*, 340 S.W.3d at 504.

The Court of Criminal Appeals recognized in *Nix v. State* that a criminal judgment could be void in the rare situation "in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question." *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Such situations are usually jurisdictional in nature. *Nix*, 65 S.W.3d at 668. For instance, the *Nix*

Court noted several instances in which a judgment of conviction for a crime is void, including when "the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law." *Nix*, 65 S.W.3d at 668; *see Kendall*, 340 S.W.3d at 504.

A void judgment can be attacked at any time as it is a "nullity." *Nix*, 65 S.W.3d at 668. However, to succeed in the attack, the party seeking to collaterally attack the judgment bears the burden of demonstrating that the judgment under attack is void. *Kendall*, 340 S.W.3d at 504. The defendant must present a record that shows that the defect does in fact exist. *Nix*, 65 S.W.3d at 668-69. Under the standard discussed in *Nix*, "for a judgment to be void, the record must leave no question about the existence of a fundamental defect." *Nix*, 65 S.W.3d at 668.

### *Applicable Law*

A person commits an offense of prostitution if the person knowingly offers to engage, agrees to engage, or engages in sexual conduct for a fee or solicits another in a public place to engage with the person in sexual conduct for hire. TEX. PENAL CODE ANN. §43.02(a) (West Supp. 2014). Usually the offense of prostitution is a class B misdemeanor but becomes a class A misdemeanor if the person has been previously convicted one or two times of the offense. TEX. PENAL CODE ANN. §43.02(c) (West Supp. 2014). Prostitution becomes a state jail felony if the person has been convicted of the offense three or more times. TEX. PENAL CODE ANN. §43.02(c) (West Supp. 2014).

County courts have original jurisdiction over all misdemeanor offenses of prostitution while district courts have original jurisdiction over felony prostitution. TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005); TEX. CODE CRIM. PROC. ANN. art. 4.07 (West 2005). However, when the person committing the offense of prostitution is between the age of fourteen and seventeen, a juvenile court has exclusive jurisdiction. TEX. FAMILY CODE ANN. §51.04 (West 2014); *see* TEX. FAMILY CODE ANN. §51.02(2) (West 2014) (defining "child"); TEX. FAMILY CODE ANN. §51.03 (West 2014) (defining delinquent conduct); *In re B.W.*, 313 S.W.3d 818 (Tex. 2010) (holding that children under fourteen years of age cannot be charged with prostitution because they lack the capacity to consent to sex).

### *Analysis*

a. **The record leaves questions regarding the prior judgments that Appellant seeks to collaterally attack.**

For Appellant's collateral attack on the prostitution judgments used to enhance her current offense of felony prostitution to succeed, Appellant has to meet her burden of demonstrating on the record that the county courts and district courts lacked jurisdiction over the offenses. At the hearing on Appellant's Motion in Arrest of Judgment/Motion for New Trial, Appellant presented the evidence of her prior convictions for prostitution out of Dallas County (Def. Ex. 1). Additionally, in her amended Motion in Arrest of Judgment/Motion for New Trial, she also presented the court with information from DPS regarding her name, address, and date of birth (CR

6

at 190).  At the hearing, the prosecutor conceded that it appeared as though Appellant was a juvenile at the time the Dallas courts entered the convictions (1 RR at 7). However, Appellant offered no explanation regarding the different name, "Ebony Lashon Taylor," and date of birth, June 12, 1982, appearing on those judgments or offered information reconciling the different identity appearing on the judgment.  Her birth certificate does not appear in the record, so it is impossible to know if the name appearing on the Dallas judgments, "Ebony Lashon Taylor," was the name given to Appellant at birth or was merely an alias she used to mislead the court.  The question of whose name and date of birth appeared on the prior judgments was left unanswered at the hearing and is not included in the record before this Court.  The only evidence tying Appellant to the convictions is her plea of true entered at the time she pled guilty to the current offense of felony prostitution (CR at 59).

Given the lack of explanation regarding the different name and date of birth on the enhancement judgments and the name and date of birth currently attributed to Appellant, the record retains questions regarding the prior judgments, specifically the name and date of birth listed on them.  Even if the prosecutor conceded on the record that Appellant was underage at the time the enhancement convictions were entered, the record does not answer the question about whose name appears on the convictions.[4]  To hold a judgment void on collateral attack, "the record must leave no

---

[4] Appellant's brief in this case provides a footnote that only states that she "was previously known as Ebony Lashon Taylor" without any further explanation.  Appellant's Br. 10.

7

question about the existence of the fundamental defect." *Nix*, 65 S.W.3d at 668. In this case, there is a huge question about whose name and date of birth is on the prior judgments. The record does not elucidate if Appellant was using an alias or if she was using her real name at the time that she has since changed with a fictitious date of birth when the prior judgments were entered. Even though Appellant pleaded true to the prior convictions, she provided no explanation on the record for the discrepancies between the name and date of birth on the enhancement judgments and the name and date of birth she currently uses. Without this explanation, the record leaves questions about the prior judgments. Given the uncertainty of who is who and what happened in regards to the prior judgments, the record leaves too many questions to sustain a collateral attack on the judgments for want of jurisdiction. Thus, on this record, this Court should not void any of the judgments at issue.

**b. Appellant seeks to "play the game of 'courts'" which the legislature has sought to prevent when it reformed the Juvenile Justice Code.**

However, if this Court finds that the record leaves no question about the existence of fundamental defects in the five prior judgments used to enhance Appellant's current offense of felony prostitution that renders them void for want of jurisdiction, then this Court must consider if Appellant can still play "the game of 'courts'" and win despite legislative changes to the Juvenile Justice Code, the Penal

8

Code, and the Code of Criminal Procedure which sought to prevent defendants from misrepresenting their age to courts and benefiting from the misrepresentations.[5]

Appellant's argument that the five enhancement judgments are void is premised on the fact that juvenile courts have exclusive jurisdiction over a child under the age of seventeen.[6] If she is correct, she has "played the game of courts" by potentially misrepresenting her age at the time she was convicted of misdemeanor prostitution when under the age of seventeen and escaped the jurisdiction of the only court that could have had jurisdiction over her.

Such a situation was addressed by the Court of Criminal Appeals in 1977 in *Bannister v. State*, in which the fifteen year old Bannister provided a false name and age when faced with the offense of burglary of a habitation and was able to have the conviction voided five years later by revealing her true identity. *Bannister v. State*, 552 S.W.2d 124, 125 (Tex. Crim. App. 1977). The Court held that since Bannister was underage at the time of her conviction and, under the current state of the law, only the juvenile court could have had jurisdiction over her, the conviction was void by lack of jurisdiction. *Bannister*, 552 S.W.2d at 125. While frowning upon Bannister's deception to the court, the Court noted that Bannister nevertheless had "played the game of 'courts' and won." *Bannister*, 552 S.W.2d at 125.

---

[5] This argument assumes that Appellant intentionally gave the Dallas courts the wrong age. Again, the record does not establish how a different name and date of birth appear on the enhancement judgments.
[6] Juvenile courts are permitted to waive their exclusive jurisdiction over children in accordance with Family Code section 51.08. TEX. FAMILY CODE ANN. §51.08 (West 2014).

If the holding in *Bannister* were still the law, Appellant would indeed prevail in her collateral attack of the prostitution convictions used to enhance her current offense of felony prostitution. However, in light of the *Bannister* opinion, the legislature, when overhauling the Juvenile Justice Code in 1995, adopted a number of provisions involving just such a situation as presented to this Court and to the trial court below when Appellant first attacked the enhancement convictions. *See Ex parte Waggoner*, 61 S.W.3d 429, 431 n.2 (Tex. Crim. App. 2001) (acknowledging that article 4.18 was adopted in apparent response to cases like *Bannister*). In several of the statutes promulgated in 1995 set out to remedy the loophole set out the by the Bannister Court's holding. *See* Tex. H.B. 327, 74th Leg., R.S. (1995).

Article 4.18 of the Code of Criminal Procedures is one of these legislative changes that courts have recognized as being a direct response to *Bannister*. *Waggoner*, 61 S.W.3d 429, 431 n.2; *Light v. State*, 993 S.W.2d 740, 747 (Tex. App.—Austin 1999), *vacated on other grounds*, 15 S.W.3d 104 (Tex. Crim. App. 2000). In article 4.18 of the Code of Criminal Procedure, the legislature required that:

> A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court could not waive jurisdiction under Section 8.07(a), Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by written motion in bar of prosecution filed with the court in which criminal charges against the person are filed.[7]

---

[7] Section 8.07 of the Penal Code was also amended in 1995. *See* Tex. H.B. 327, 74th Leg., R.S. (1995).

TEX. CODE CRIM. PROC. ANN. art. 4.18(a) (West 2005). The Third Court of Appeals in *Light v. State* held that "[a] careful reading shows that article 4.18 is expressly limited to situations where the juvenile court could not waive jurisdiction under section 8.07(a) of the Penal Code or did not waive jurisdiction under section 8.07(b) of the Penal Code, regarding age affecting criminal responsibility." *Light*, 993 S.W.2d at 747.

Another change involving a child's wavier of the jurisdiction of the juvenile court also appears in the Juvenile Justice Code. Section 51.042 of the Family Code authorizes waiver of jurisdiction by a child who does not object to the jurisdiction of the court over the child because of the child's age. TEX. FAMILY CODE ANN. §51.042 (West 2014). If a child does not object to the court's jurisdiction because of her age, the child "waives any right to object to the jurisdiction of the court because of the age of [her] age at a later hearing or on appeal." TEX. FAMILY CODE ANN. §51.042 (West 2014); *see In re E.D.C.*, 88 S.W.3d 789 (Tex. App.—El Paso 2002, no pet.) (holding that E.D.C. was barred from raising a jurisdictional complaint for the first time on appeal in light of section 51.042 but finding that the section only allowed waiver of personal jurisdiction).

These legislative provisions do not address whether waiver occurs if a child misrepresents her age when facing a misdemeanor offense like they do for juvenile and felony proceedings. Similarly, the State has not been able to find any cases that discuss whether the legislative changes apply to misdemeanor offenses even though article 4.18 specifically sought to prevent the Court of Criminal Appeals' holding in

*Bannister.* *Waggoner*, 61 S.W.3d at 431 n.2; *Light*, 993 S.W.2d at 747. Despite this gap, Appellant should not be able to "play to "the game of 'courts'" and win because the statutory changes in light of the situation in *Bannister* raise questions about whether a juvenile court's exclusive jurisdiction over a child is can never be waived or consented to give up as theses statutes specifically allow waiver.

Because the legislature sought to prevent defendants from avoiding the court of proper jurisdiction by providing the wrong age, this Court should overrule Appellant's challenges to the jurisdiction of her current offense of felony prostitution as well as the enhancement judgments and hold that the "game of 'courts'" can no longer be played and won. Her convictions should be upheld.

## CONCLUSION

Based on the arguments stated above, the State of Texas respectfully urges the Court to overrule Appellant's point of error and affirm her conviction for felony prostitution and hold that the record does not show that the enhancement judgments are void or that Appellant cannot play "the game of 'courts'" and win.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083
dessauer_carly@dao.hctx.net
curry_alan@dao.hctx.net

13

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 2,966 words, based upon the representation provided by the word processing program that was used to create the document. TEX. R. APP. P. 9.4(i).

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

14

## CERTIFICATE OF SERVICE

The State will serve a copy of the foregoing instrument to Appellant's attorney

though TexFile:

Jani Maselli Wood
Assistant Public Defender
1201 Franklin, 13th Floor
Houston, Texas 77002
jani.maselli@pdo.hctx.net

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

Date:  July 30, 2015

15