**Ex Parte Billy Joe WAGGONER, Applicant.**

**No. 74133.**

Court of Criminal Appeals of Texas.

Dec. 5, 2001.

---

John Weddle, Garland, for Appellant.

Catherine G. Zilahy, Asst. DA, Dallas, for State.

## OPINION

HOLCOMB, J., delivered the unanimous opinion of the Court.

We ordered applicant Billy Joe Waggoner's post-conviction application for a writ of habeas corpus filed and set for submission to determine whether his first conviction is void for want of jurisdiction and, if so, what effect the void conviction has upon his second, consecutively imposed sentence. We hold that applicant's first conviction is void and that his sentence on the second, valid conviction began to run on the date of its original imposition.

*The Relevant Facts*

The Criminal District Court No. 2 of Dallas County, the court in which applicant was originally convicted, received evidence on applicant's claim and made findings of fact. Because those findings of fact are supported by the record, they will be accepted by this Court as correct. *See Ex parte Adams,* 768 S.W.2d 281, 288 (Tex. Crim.App.1989).

On October 9, 1990, applicant committed the felony offense of theft. *See* Tex. Pen. Code § 31.03(e). On October 10, 1990, applicant turned seventeen. On May 13, 1991, applicant pled guilty and was placed on deferred adjudication community supervision for the theft offense.

On December 20, 1991, applicant was convicted of the felony offense of forgery. *See* Tex. Pen.Code § 32.21. On the same day and in the same proceeding, the district court granted the State's motion to adjudicate applicant's guilt in the theft case. The district court then assessed applicant's punishment at ten years imprisonment for the theft offense and ten years imprisonment for the forgery offense. The district court ordered the two sentences to run consecutively, with the sentence for the theft offense to begin first. Applicant's convictions were affirmed on direct appeal. *Waggoner v. State,* No. 05–92–00290–CR, No. 05–92–00291–CR (Tex. App—Dallas, Jan. 12, 1994) (not designated for publication).

On June 1, 2000, applicant filed an application for a writ of habeas corpus in the district court. Applicant argued that the trial court did not have jurisdiction over the theft prosecution. Specifically, applicant alleged that he was under seventeen years of age at the time he committed the theft and that the juvenile court never waived jurisdiction over him or certified him for criminal proceedings as an adult. Applicant further argued that since the district court had no jurisdiction and thus

the theft conviction and sentence were void, he must be currently serving the sentence imposed for the forgery offense.

On December 22, 2000, the district court recommended that we grant relief. On June 27, 2001, we ordered applicant's application filed and set for submission to determine whether there is merit to his claims. *See* Tex.Code Crim. Proc. art 11.07, § 3. Applicant's claims are properly cognizable via habeas corpus. *See Ex parte Sanchez,* 918 S.W.2d 526, 527 (Tex. Crim.App.1996) ("Habeas corpus is reserved for those instances in which there is a jurisdictional defect in the trial court which renders the judgment void...."); *Ex parte Watson,* 601 S.W.2d 350 (Tex. Crim.App.1980) (jurisdictional defects are always reviewable on habeas corpus); *Ex parte McCullough,* 598 S.W.2d 272 (Tex. Crim.App.1980) (where juvenile misrepresented age and was convicted in district court, Court of Criminal Appeals may grant relief on habeas corpus); *Ex parte Redmond,* 605 S.W.2d 600 (Tex.Crim.App. 1980) (same).

### Analysis

■ We first address applicant's claim that the trial court never acquired jurisdiction. The juvenile court has exclusive original jurisdiction over children under seventeen years of age. *See* Tex. Fam. Code § 51.04(a) (discussing jurisdiction of juvenile courts) and § 51.02(2) (defining "child"). In certain circumstances, a juvenile court may waive jurisdiction and transfer the child to a district court or criminal district court. *Id.* at § 54.02. However, unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, "a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age." Tex. Pen.Code § 8.07(b).[1] In the absence of a transfer, the district court was, at the time of the offense,[2] without jurisdiction, and any resulting conviction was void. *Cordary v. State,* 596 S.W.2d 889 (Tex.Crim.App.1980) (original conviction was void where court did not have jurisdiction); *Grayless v. State,* 567 S.W.2d 216 (Tex.Crim.App.1978) (district court does not have jurisdiction to try the appellant for a criminal offense in absence of a valid waiver of jurisdiction by the juvenile court); *Bannister v. State,* 552 S.W.2d 124 (Tex.Crim.App.1977);[3] *Emery v. State,* 57 Tex.Crim. 423, 123 S.W. 133 (1909) (if trial

1. The statute includes exceptions for minor offenses (e.g., traffic violations and public intoxication). Tex. Pen.Code § 8.07(a)(1)-(5).

2. In 1995, in apparent response to cases like *Bannister v. State,* 552 S.W.2d 124 (Tex.Crim. App. 1977), the Legislature adopted Texas Code of Criminal Procedure art. 4.18(a). The statute provides (as amended in 1999): "A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court could not waive jurisdiction under Section 8.07(a), Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by written motion in bar of prosecution filed with the court in which the criminal charges against the person are filed." As the section is only effective for conduct occurring after its enactment, it is inapplicable to the case at bar and thus we do not address what impact, if any, the section would have on our current holding. For further discussion, see *Light v. State* 993 S.W.2d 740, 747 (Tex. App.—Austin 1999), vacated and remanded on other grounds 15 S.W.3d 104 (Tex.Crim. App.2000) (per curiam).

3. In *Bannister,* the juvenile used a false name and lied to her attorney and the court about her actual age. 552 S.W.2d at 125. She claimed to be 19 or older but was in fact 15 years of age. The court concluded that since she was a juvenile at the time of the offense, the district court was without jurisdiction. Presiding Judge Onion, writing for the majority, commented that the Family Code and Penal Code as written allowed the juvenile to

court lacks subject matter jurisdiction, any judgment by it is "null and void"). Here, applicant was sixteen years old at the time he committed the theft. The juvenile court, having exclusive jurisdiction, never waived jurisdiction over applicant or certified him as an adult. Therefore, the district court never acquired jurisdiction over applicant.

Next, we address the effect of the invalidation of applicant's first sentence (for theft) upon his second sentence (for forgery). In *Gentry v. State*, 464 S.W.2d 848, 850 (Tex.Crim.App.1971), we held that where the defendant's first sentence was invalid, "the later consecutive sentence . . . ran independently, that is, from the date of [the second sentence's] imposition." The approach adopted in *Gentry* is logical. " 'To hold otherwise would abuse due process, shock the judicial conscience and effect the imposition of a cruel and unusual punishment under the 8th Amendment.' " *Id.*, quoting *Goodwin v. Page*, 418 F.2d 867, 868 (10th Cir.1969).

The conviction in Cause Number F90–24067–SI is set aside for want of jurisdiction. Furthermore, since applicant's first ten-year sentence is void, his second ten-year sentence in Cause Number F91–34600–QI began at the date of its original imposition, December 20, 1991.[4] The Texas Department of Criminal Justice, Institutional Division, shall modify its records in accordance with our holding.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Parole Divisions.

benefit from a fraud upon the court. *Id.* at 130.

4. Of course, applicant is also entitled to credit for any post-offense, pre-conviction time spent in jail on the valid forgery indictment and conviction.