Opinion issued October 23, 2009





















In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00821-CR

____________


IN RE CARLOS A. ARMENTA, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION

 Relator has filed a petition for writ of mandamus, requesting that this Court to
compel respondent to rule on a post-conviction motion that he claims to have filed in
trial court cause number 9402665 on June 17, 2009. 

 Relator pleaded guilty to the offense of murder. After a presentence
investigation hearing, the trial court sentenced relator to confinement for 40 years and
signed a final judgment in this case on December 8, 1995. No direct appeal was
taken. Therefore, the deadline for filing a notice of appeal was January 7, 1996. The
trial court's judgment of conviction is final. 

 Relator contends in his petition that the conviction in cause number is void
because he was 16 years of age at the time of the commission of the offense and that
he was never certified to stand trial as an adult. (1) 

 Jurisdiction to grant post-conviction habeas corpus relief in felony cases rests
exclusively with the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Ann.
art. 11.07, § 3 (Vernon Supp. 2008); Board of Pardons & Paroles ex rel. Keene v.
Court of Appeals for the Eighth District, 910 S.W.2d 481, 483 (Tex. Crim. App.
1995). The exclusive post-conviction remedy in final felony convictions in Texas
courts is through a writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon Supp. 2008); Tex. Code Crim. Proc. Ann. art. 11.59 (Vernon Supp. 2008).
Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

 Therefore, we dismiss the petition for writ of mandamus for want of
jurisdiction.

 We deny all pending motions as moot.PER CURIAM


Panel consists of Justices Jennings, Higley and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 8.07 (Vernon 2008); Tex. Code Crim. Proc.
Ann. art. 11.59 (Vernon Supp. 2008). Ex Parte Billy Joe Waggoner, 61
S.W.3d 429 (Tex. Crim. App. 2001).