IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,048-01




EX PARTE ANDREW TELLIANO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1071994 IN THE 184TH DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to eight months’ imprisonment. He did not appeal his conviction.
            Applicant contends that when he committed this offense he was under seventeen years of age
but was not certified as an adult. He also contends that when he pleaded guilty he did not understand
English and that trial counsel was ineffective because she told him that if he refused to plead guilty
he would be sentenced to twenty-five years’ imprisonment. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000); Ex parte
Waggoner, 61 S.W.3d 429, 432 (Tex. Crim. App. 2001). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order Applicant’s trial counsel
to respond to Applicant’s claim of ineffective assistance of counsel. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether: (1) Applicant is currently suffering
collateral consequences from this conviction, Tex. Code Crim. Proc. art. 11.07, § 3(c); (2) he was
under seventeen years of age when he committed this offense and, if so, he was certified as an adult;
(3) he understood English; and (4) trial counsel told him that he would be sentenced to twenty-five
years’ imprisonment if he refused to plead guilty. The trial court shall then make conclusions of law
as to whether it had jurisdiction and Applicant’s guilty plea was knowing and voluntary. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: December 15, 2010
Do not publish