# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00367-CR

**Blair Duane Wright, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT NO. 8214, THE HONORABLE WILLIAM BACHUS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Blair Duane Wright appeals a reformed judgment modifying his sentence for driving while intoxicated with a child passenger. We dismiss the appeal for lack of jurisdiction.

### PROCEDURAL BACKGROUND

In February 2009, pursuant to a plea bargain, appellant Blair Duane Wright pleaded guilty to the offense of driving while intoxicated with a child passenger, a state jail felony. *See* Tex. Penal Code Ann. § 49.045 (West 2011). He also pleaded true to two enhancement paragraphs, one alleging a previous conviction for theft of more than $1500, a state jail felony, and another alleging a prior conviction for obstruction or retaliation, a third degree felony. *See id.* §§ 31.03(a), (e)(4)(A), 36.06(a), (c) (West Supp. 2011). After finding him guilty, the trial court assessed the agreed punishment of confinement for 19 years in the Institutional Division of the Texas Department of

Criminal Justice (TDCJ), purportedly under the repeat-offender provisions of the penal code.[1] *See id.* § 12.42(a)(2) (West Supp. 2010) (providing that at trial of unaggravated state jail felony, defendant shall be punished for second degree felony upon proof of two previous sequential felony convictions).

In November 2009, ten months after being sentenced, Wright wrote a *pro se* letter to the trial court complaining that the sentence was unlawful because a state jail felony had been improperly used to enhance the punishment for the DWI state jail offense to that of a second degree. *See Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001) (holding that as used in section 12.42(a), "felony" and "state jail felony" are mutually exclusive). Pursuant to a bench warrant returning him from TDCJ, Wright was subsequently brought back before the trial court. In May 2010, the trial court conducted a hearing to address the enhancement issue. The State conceded

---

[1] At the same proceeding, Wright also pleaded guilty to the offense of failure to appear, a third degree felony. *See* Tex. Penal Code Ann. § 38.10(a), (f) (West 2011). The same two prior convictions were used to enhance the punishment for the failure-to-appear offense, purportedly under the habitual-offender provision of the penal code. *See id.* § 12.42(d) (West Supp. 2011) (providing that at trial of a felony offense other than unaggravated state jail felony, defendant shall be punished by imprisonment for life or any term not more than 99 years or less than 25 years upon proof of two previous sequential felony convictions). However, as part of the plea-bargain agreement, the State abandoned one of the enhancement paragraphs to bring the punishment range within that of a second degree felony in order to allow the trial court to assess the same negotiated nineteen-year prison term. *See id.* § 12.42(a)(3) (providing that at trial of third degree felony, defendant shall be punished for second degree felony upon proof of previous felony conviction). The record does not reflect which enhancement paragraph was abandoned. Although the failure-to-appear conviction is not before us in this appeal, we note that the use of a previous state jail felony conviction to enhance a third degree felony under section 12.42(a)(3) may also violate the holding in *Campbell* that the terms "felony" and "state jail felony," as used in section 12.42(a), are mutually exclusive. *See id.*; *Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001). This is an issue appellant may urge in a post-conviction habeas corpus application. *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006).

that the punishment for Wright's DWI-with-a-child-passenger offense was improperly enhanced and resulted in an unlawful sentence. Agreeing that the two previous convictions did not operate to enhance his punishment under the applicable repeat-offender provision, the trial court re-sentenced Wright to two years' confinement in a state jail facility, a term within the applicable punishment range.

## LACK OF JURISDICTION

### *Trial Court Certification*

We note that the clerk's record in this appeal contains two trial court certifications. One is dated February 20, 2009, the date of the original plea and sentencing. The second is dated September 10, 2010, four months after the re-sentencing. Both certifications state that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal."[2] We must dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record."[3] *See* Tex. R. App. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

---

[2] We also note that appellant's signature does not appear on either certification. *See* Tex. R. App. P. 25.2(d) (specifying that notification "shall be signed by the defendant").

[3] At the re-sentencing proceeding, Wright argued that the sentence on his failure-to-appear offense should also be modified. The State opposed that re-sentencing, arguing that the failure to appear was a separate offense and the punishment assessed for it was properly enhanced. Wright, however, asserted that because the plea bargain involved disposing of both cases, the modification of one sentence should result in modification of the other. He expressed his desire to appeal "the fact that the bond jumping charge has now been separated out . . . and that sentence is allowed to stand." The trial court indicated that it did not have the authority to modify the sentence on the failure-to-appear charge. Then, after re-sentencing Wright on the DWI-with-a-child-passenger offense, the court stated that Wright had 30 days in which to appeal "the decision in this matter." It is somewhat unclear what "matter" is subject to appeal. However, the record reflects that Wright did not object to the trial court's re-sentencing him for the DWI-with-a-child-passenger offense, only that the trial court failed to also re-sentence him on the failure-to-appear charge. We do not construe

3

*Void Judgment*

In his sole point of error, Wright argues that the trial court erred in re-sentencing him because the proper remedy for the illegal sentence imposed due to improper enhancement—which resulted in an unenforceable plea bargain agreement—was to allow him to withdraw his plea and return the parties to their original positions.[4] Under normal circumstances, Wright would be correct. When a plea-bargain agreement calls for a sentence greater than that authorized by law, the defendant must be allowed to withdraw his plea. *Ex parte Rich*, 194 S.W.3d 508, 514 (Tex. Crim. App. 2006). However, the instant appeal is not from the judgment of conviction but from the trial court's reformed judgment modifying Wright's sentence, which does not impose an illegal sentence. While we agree that the trial court erred in simply re-sentencing Wright, the more immediate problem in the instant appeal is not that the court erred in doing so but that the court lacked jurisdiction to do so.

A trial court's jurisdiction over a case is an absolute systemic requirement. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009); *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). Without jurisdiction, the trial court has no power to act. *Dunbar*, 297 S.W.3d at 780. A trial court's jurisdiction over a criminal case consists of "the power of the court over the 'subject matter' of the case, conveyed by statute or constitutional provision, coupled

permission to complain about the trial court's failure to modify the failure-to-appear sentence in a separate case as permission to appeal the modified sentence in the instant case. Thus, we do not find the trial court's certification to be defective. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (certification is defective if it is contrary to record); Tex. R. App. P. 37.1.

[4] The State concedes that the plea-bargain agreement was impossible to perform and, therefore, Wright should have been allowed to withdraw his plea. The State further acknowledges that the trial court erred in simply re-sentencing Wright.

4

with 'personal' jurisdiction over the accused, which is invoked in felony prosecutions by the filing of [an] indictment or information if indictment is waived." *Id.* at 780 (quoting *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981)). If no community supervision is imposed, no motion for new trial or in arrest of judgment is filed, and no appeal is taken, then the trial court's personal jurisdiction over the defendant terminates 30 days after sentencing. *Id.* at 780; *see Collins v. State*, 240 S.W.3d 925, 927 (Tex. Crim. App. 2007); Tex. R. App. Proc. 21.4, 22.3. Consequently, after that 30-day period, "'a source of jurisdiction must be found to authorize the trial court's orders.'" *Dunbar*, 297 S.W.3d at 780 (quoting *State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002) (plurality op.)).

In the instant case, the trial court lost personal jurisdiction over Wright 30 days after sentencing him on February 20, 2009. We discern no source of jurisdiction to authorize the trial court's modification of Wright's sentence on May 21, 2010. Texas Rule of Appellate Procedure 21.1 defines "new trial on punishment" as "a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt." Tex. R. App. P. 21.1(b). Arguably Wright's letter could be construed as a motion for new trial on punishment.[5] However, such a motion must be filed within 30 days after the date the trial court imposed sentence. Tex. R. App. P. 21.4(a). Thus, even if so construed, Wright's request was untimely. The power to grant a motion for new trial is an exercise of "particular authority" by a court of "limited jurisdiction." *State v. Holloway*,

---

[5] The trial court's docket sheet reflects the trial judge's notation that the court "grant[ed] defendant's motion to resentence [sic]." We believe that, substantively, a motion to re-sentence is the equivalent of a motion for new trial on punishment.

5

No. PD-0324-11, 2012 WL 715977, at *3 (Tex. Crim. App. Mar. 7, 2012). When the statutory timetable is not followed, the trial court lacks jurisdiction to thereafter rule on the merits of the motion for new trial. *Id.*

A court has inherent power to correct, modify, vacate, or amend its own rulings so long as the court does not exceed a statutory timetable. *See State v. Aguilera*, 165 S.W.3d 695, 698 n.7 (Tex. Crim. App. 2005); *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). Thus, a trial court retains plenary power to modify its sentence if a motion for new trial is filed within 30 days of sentencing.[6] *State v. Davis*, 349 S.W.3d 535, 537 (Tex. Crim. App. 2011); *Aguilera*, 165 S.W.3d at 697-98. However, a trial court does not have the inherent authority to alter, modify, or vacate a sentence imposed in open court without statutory authorization and without the presence of the parties.[7] *Davis*, 349 S.W.3d at 539-40 (citing *McClinton v. State*, 121 S.W.3d 768, 771 (Tex. Crim. App. 2003) (Cochran, J., concurring)). Accordingly, belated—that is, untimely and therefore unauthorized—attempts to alter a defendant's sentence are "null and void of effect." *Ex parte Brown*, 477 S.W.2d 552, 554 (Tex. Crim. App. 1972) (trial court's re-sentencing order making sentences cumulative entered after defendant had been imprisoned for two months was

---

[6] A trial court may, by entry of a judgment *nunc pro tunc*, correct clerical mistakes in a judgment or order at any time, even after the expiration of the court's plenary power. *See Ex parte Donaldson*, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002); *see* Tex. R. App. P. 23.

[7] For example, under the "shock probation" statute, the trial court has express statutory authorization to modify a sentence of imprisonment that has been previously imposed to place a defendant on community supervision under certain specified circumstances. *See* Tex. Code. Crim. Proc. Ann. art 42.12, § 6 (West Supp. 2011).

invalid). Here, the trial court modified Wright's sentence 15 months after the original sentence was imposed, well beyond the period in which the court could exercise its plenary power to modify the sentence.

Because the trial court had no jurisdiction to modify Wright's sentence, the reformed judgment doing so is void. *See Ex parte Redmond*, 605 S.W.2d 600, 601 (Tex. Crim. App. 1980) (holding judgments of conviction were void because district court never acquired jurisdiction over juvenile defendant). "'A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights.'" *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (quoting *Ex parte Spaulding*, 687 S.W.2d 741, 745 (Tex. Crim. App. 1985) (Teague, J., dissenting and concurring)); *see also Black's Law Dictionary* 921, 1709 (9th ed. 2009). Even if we had jurisdiction over this appeal, vacating the void reformed judgment would simply leave the original judgment in effect. We have no jurisdiction to grant any relief from the February 2009 judgment, even though it imposes an illegal sentence. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (absent timely filed notice of appeal, appellate court does not obtain jurisdiction to address merits of appeal in criminal case and can take no action other than to dismiss appeal for want of jurisdiction); Tex. R. App. P. 26.2(a). The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2011); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only court of criminal appeals has authority to grant post-conviction relief from final felony convictions); *see also Ex parte Waggoner*, 61 S.W.3d 429,

7

431 (Tex. Crim. App. 2001) ("Habeas corpus is reserved for those instances in which there is a jurisdictional defect in the trial court which renders the judgment void . . . ."); *Rich*, 194 S.W.3d at 511 (claim of illegal sentence is cognizable on writ of habeas corpus).

## CONCLUSION

We dismiss this appeal for lack of jurisdiction.

_____
J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed:   April 24, 2012

Do Not Publish