# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-10-00367-CR

**Blair Duane Wright, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT NO. 8214, THE HONORABLE WILLIAM BACHUS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated April 24, 2012, substitute the following opinion and judgment in their place, and deny the motion for rehearing.

Appellant Blair Duane Wright appeals a reformed judgment modifying his sentence for driving while intoxicated with a child passenger. We dismiss the appeal for lack of jurisdiction.

## PROCEDURAL BACKGROUND

In February 2009, pursuant to a plea bargain, appellant pleaded guilty to the offense of driving while intoxicated with a child passenger, a state jail felony. *See* Tex. Penal Code Ann. § 49.045 (West 2011). He also pleaded true to two enhancement paragraphs, one alleging a previous conviction for theft of more than $1500, a state jail felony, and another alleging a prior conviction

for obstruction or retaliation, a third degree felony. *See id.* §§ 31.03(a), (e)(4)(A), 36.06(a), (c) (West Supp. 2011). After finding him guilty, the trial court assessed the agreed punishment of confinement for 19 years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ), purportedly under the repeat-offender provisions of the penal code.[1] *See id.* § 12.42(a)(2) (West Supp. 2010) (providing that at trial of unaggravated state jail felony, defendant shall be punished for second degree felony upon proof of two previous sequential felony convictions).

In November 2009, ten months after being sentenced, appellant wrote a *pro se* letter to the trial court complaining that the sentence was unlawful because a state jail felony had been improperly used to enhance the punishment for the DWI state jail offense to that of a second degree felony. *See Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001) (holding that as used in section 12.42(a), "felony" and "state jail felony" are mutually exclusive). Pursuant to a bench

---

[1] At the same proceeding, appellant also pleaded guilty to the offense of failure to appear, a third degree felony. *See* Tex. Penal Code Ann. § 38.10(a), (f) (West 2011). The same two prior convictions were used to enhance the punishment for the failure-to-appear offense, purportedly under the habitual-offender provision of the penal code. *See id.* § 12.42(d) (West Supp. 2011) (providing that at trial of a felony offense other than unaggravated state jail felony, defendant shall be punished by imprisonment for life or any term not more than 99 years or less than 25 years upon proof of two previous sequential felony convictions). However, as part of the plea-bargain agreement, the State abandoned one of the enhancement paragraphs in order to bring the punishment range within that of a second degree felony so that the trial court could assess the same negotiated 19-year prison term. *See id.* § 12.42(a)(3) (providing that at trial of third degree felony, defendant shall be punished for second degree felony upon proof of previous felony conviction). The record does not reflect which enhancement paragraph was abandoned. Although the failure-to-appear conviction is not before us in this appeal, we note that the use of a previous state jail felony conviction to enhance a third degree felony under section 12.42(a)(3) may also violate the holding in *Campbell* that the terms "felony" and "state jail felony," as used in section 12.42(a), are mutually exclusive. *See id.*; *Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001). This is an issue appellant may urge in a post-conviction habeas corpus application. *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006).

warrant returning him from TDCJ, appellant was subsequently brought back before the trial court. In May 2010, the trial court conducted a hearing to address the enhancement issue. The State conceded that the punishment for appellant's DWI-with-a-child-passenger offense was improperly enhanced and resulted in an unlawful sentence. Agreeing that the two previous convictions did not operate to enhance his punishment under the applicable repeat-offender provision, the trial court re-sentenced appellant to two years' confinement in a state jail facility, a term within the applicable punishment range.

**LACK OF JURISDICTION**

*Trial Court Certification*

The clerk's record in this appeal contains two trial court certifications. One is dated February 20, 2009, the date of the original plea and sentencing. The second is dated September 10, 2010, four months after the re-sentencing. Both certifications state that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal."[2] We are required to dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record." *See* Tex. R. App. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

---

[2] We also note that appellant's signature does not appear on either certification. *See* Tex. R. App. P. 25.2(d) (specifying that notification "shall be signed by the defendant").

3

***Permission to Appeal***

At the re-sentencing proceeding, appellant argued that the sentence on his failure-to-appear conviction should be modified along with the DWI sentence. The State opposed that re-sentencing, arguing that failure to appear was a separate offense and that the punishment assessed for it was properly enhanced. Appellant, however, asserted that because the plea bargain involved disposing of both cases, the modification of one sentence should result in modification of the other. In seeking re-sentencing for the failure-to-appear conviction, appellant's counsel made the following statements:

- In other words, if there's to be a sentencing in the DWI, then we believe there should be a new sentencing in the bond jumping charge also.

- [W]e would like to then enter an appeal concerning the fact that the bond jumping charge has now been separated out; and that sentence is allowed to stand.

- We want them as a total package, Your Honor; and, therefore, we would enter our objection to just sentencing on the DWI case.

- But in either case, if the Court sees fit overrule my motion [to modify the failure to appear sentence], then I will help my client to perfect an appeal in this matter, and we will address it in that capacity to get him another hearing.

The trial court indicated that it did not have the authority to modify the sentence on the failure-to-appear charge. The court re-sentenced appellant on the DWI-with-a-child-passenger offense and ordered that sentence to run concurrently with the 19-year failure-to-appear sentence. The court then stated, "Now as far as that goes, I'm going to tell you that you have 30 days in which to appeal the decision in this matter."

In his motion for rehearing, appellant asserts that the trial court's statement that appellant had 30 days in which to appeal "the decision in this matter" demonstrates that he did have permission to appeal the re-sentencing in this cause and therefore is dispositive. We disagree. The record reflects that appellant did not object to the trial court's re-sentencing him for the DWI-with-a-child-passenger offense, only to the trial court's refusal to also re-sentence him on the failure-to-appear charge. A reading of the record as a whole reflects that appellant wanted to appeal the trial court's refusal to re-sentence him on the failure-to-appear charge, and that is what the court gave permission to appeal. We do not construe the grant of permission to complain about the trial court's failure to modify the failure-to-appear sentence in a separate case as including a grant of permission to appeal the modified sentence in the instant case. Thus, we do not find the trial court's certification to be defective. *See Dears*, 154 S.W.3d at 613 (certification is defective if it is contrary to record); Tex. R. App. P. 37.1.

Appellant also maintains on rehearing that the trial court's certification completed in connection with the re-sentencing reflected a "plea bargain" but no waiver of appeal. However, in our previous opinion, we did not suggest that the trial court certification indicated that appellant had waived his right to appeal. Rather, we noted that the trial court had certified that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal."

***Abatement***

In his motion for rehearing, appellant complains that this Court "overlooked its own opinion of June 15, 2011." The original appellate counsel in this case filed an *Anders* brief. In response, appellant filed a *pro se* brief. On June 15, 2011 this Court issued a memorandum opinion

5

abating the appeal and remanding the case to the trial court for the appointment of new appellate counsel because we concluded that one of the contentions raised by appellant in his *pro se* brief constituted an arguable ground for appeal. Unfortunately, at the time we abated the appeal, we apparently overlooked the fact that the trial court certification failed to certify that appellant had a right to appeal. In his motion for rehearing, appellant asks us to "take notice" of our June 15, 2011 opinion. However, that opinion neither replaces nor obviates the requirement of a trial court certification reflecting that appellant has a right to appeal.

The record in this case does not contain a trial court certification reflecting that appellant has the right to appeal. Thus, we have no choice but to dismiss the appeal. *See* Tex. R. App. P. 25.2(d). Moreover, even if we had jurisdiction in this case, we could not provide appellant the relief he seeks. The briefs submitted post-abatement have enabled us to discern the exact nature of appellant's contention, and, for the reasons discussed below, we have concluded that we do not have the authority to reverse appellant's conviction and grant him the new trial he seeks.

## VOID JUDGMENT

In his sole point of error, appellant argues that the trial court erred in re-sentencing him because the proper remedy for the illegal sentence imposed due to improper enhancement—which resulted in an unenforceable plea bargain agreement—was to allow him to withdraw his plea and return the parties to their original positions.[3] Under normal circumstances,

---

[3] The State concedes that the plea-bargain agreement was impossible to perform and, therefore, appellant should have been allowed to withdraw his plea. The State further acknowledges that the trial court erred in simply re-sentencing appellant.

appellant would be correct. When a plea-bargain agreement calls for a sentence greater than that authorized by law, the defendant must be allowed to withdraw his plea. *Ex parte Rich*, 194 S.W.3d 508, 514 (Tex. Crim. App. 2006). The instant appeal, however, is not from the original judgment of conviction but from the trial court's reformed judgment modifying appellant's sentence, which does not impose an illegal sentence. While we agree that the trial court erred in simply re-sentencing appellant, the more immediate problem in the instant appeal is not that the court erred in doing so but that it lacked jurisdiction to do so.

A trial court's jurisdiction over a case is an absolute systemic requirement. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009); *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). Without jurisdiction, the trial court has no power to act. *Dunbar*, 297 S.W.3d at 780. A trial court's jurisdiction over a criminal case consists of "the power of the court over the 'subject matter' of the case, conveyed by statute or constitutional provision, coupled with 'personal' jurisdiction over the accused, which is invoked in felony prosecutions by the filing of [an] indictment or information if indictment is waived." *Id.* at 780 (quoting *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981)). If no community supervision is imposed, no motion for new trial or in arrest of judgment is filed, and no appeal is taken, then the trial court's personal jurisdiction over the defendant terminates 30 days after sentencing. *Id.* at 780; *see Collins v. State*, 240 S.W.3d 925, 927 (Tex. Crim. App. 2007); Tex. R. App. Proc. 21.4, 22.3. Consequently, after that 30-day period, "'a source of jurisdiction must be found to authorize the trial court's orders.'" *Dunbar*, 297 S.W.3d at 780 (quoting *State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002) (plurality op.)).

7

In the instant case, the trial court lost personal jurisdiction over appellant 30 days after sentencing him on February 20, 2009. We discern no source of jurisdiction to authorize the trial court's modification of appellant's sentence on May 21, 2010. Texas Rule of Appellate Procedure 21.1 defines "new trial on punishment" as "a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt." Tex. R. App. P. 21.1(b). Arguably appellant's letter could be construed as a motion for new trial on punishment.[4] However, such a motion must be filed within 30 days after the date the trial court imposed sentence. Tex. R. App. P. 21.4(a). Thus, even if so construed, appellant's request was untimely. The power to grant a motion for new trial is an exercise of "particular authority" by a court of "limited jurisdiction." *State v. Holloway*, No. PD-0324-11, 2012 WL 715977, at *3 (Tex. Crim. App. Mar. 7, 2012). When the statutory timetable is not followed, the trial court lacks jurisdiction to thereafter rule on the merits of the motion for new trial. *Id.*

A court has inherent power to correct, modify, vacate, or amend its own rulings so long as the court does not exceed a statutory timetable. *See State v. Aguilera*, 165 S.W.3d 695, 698 n.7 (Tex. Crim. App. 2005); *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). Thus, a trial court retains plenary power to modify its sentence if a motion for new trial is filed within 30 days of sentencing.[5] *State v. Davis*, 349 S.W.3d 535, 537 (Tex. Crim. App. 2011);

---

[4] The trial court's docket sheet reflects the trial judge's notation that the court "grant[ed] defendant's motion to resentence [sic]." We believe that, substantively, a motion to re-sentence is the equivalent of a motion for new trial on punishment.

[5] A trial court may, by entry of a judgment *nunc pro tunc*, correct clerical mistakes in a judgment or order at any time, even after the expiration of the court's plenary power. *See Ex parte*

8

*Aguilera*, 165 S.W.3d at 697-98. However, a trial court does not have the inherent authority to alter, modify, or vacate a sentence imposed in open court without statutory authorization and without the presence of the parties.[6] *Davis*, 349 S.W.3d at 539-40 (citing *McClinton v. State*, 121 S.W.3d 768, 771 (Tex. Crim. App. 2003) (Cochran, J., concurring)). Accordingly, belated—that is, untimely and therefore unauthorized—attempts to alter a defendant's sentence are "null and void of effect." *Ex parte Brown*, 477 S.W.2d 552, 554 (Tex. Crim. App. 1972) (trial court's re-sentencing order making sentences cumulative entered after defendant had been imprisoned for two months was invalid). Here, the trial court attempted to modify appellant's sentence 15 months after the original sentence was imposed, well beyond the period in which the court had authority to exercise its plenary power to modify the sentence.

Because the trial court had no jurisdiction to modify appellant's sentence, the reformed judgment doing so is void. *See Ex parte Redmond*, 605 S.W.2d 600, 601 (Tex. Crim. App. 1980) (holding judgments of conviction were void because district court never acquired jurisdiction over juvenile defendant). "'A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights.'" *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (quoting *Ex parte Spaulding*, 687 S.W.2d 741, 745 (Tex. Crim. App. 1985) (Teague, J., dissenting and concurring)); *see also Black's Law Dictionary* 921, 1709 (9th ed. 2009). Even if we had

---

*Donaldson*, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002); *see* Tex. R. App. P. 23.

[6] For example, under the "shock probation" statute, the trial court has express statutory authorization to modify a sentence of imprisonment that has been previously imposed to place a defendant on community supervision under certain specified circumstances. *See* Tex. Code. Crim. Proc. Ann. art 42.12, § 6 (West Supp. 2011).

jurisdiction over this appeal, vacating the void reformed judgment would simply leave the original judgment in effect. But we have no jurisdiction to grant any relief from the February 2009 judgment, even though it imposed an illegal sentence. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (absent timely filed notice of appeal, appellate court does not obtain jurisdiction to address merits of appeal in criminal case and can take no action other than to dismiss appeal for want of jurisdiction); Tex. R. App. P. 26.2(a).

The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2011) ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."); *see also Ex parte Waggoner*, 61 S.W.3d 429, 431 (Tex. Crim. App. 2001) ("Habeas corpus is reserved for those instances in which there is a jurisdictional defect in the trial court which renders the judgment void . . . ."); *Rich*, 194 S.W.3d at 511 (claim of illegal sentence is cognizable on writ of habeas corpus). Further, article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.*; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only court of criminal appeals has authority to grant post-conviction relief from final felony convictions). If appellant has any remedy, it is through that procedure.

## CONCLUSION

Based upon the record before us, we have neither the jurisdiction nor the authority to grant appellant the relief he seeks. We dismiss this appeal for lack of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed:   May 22, 2012

Do Not Publish

11