TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-10-00367-CR






Blair Duane Wright, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT

NO. 8214, THE HONORABLE WILLIAM BACHUS, JR., JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 We withdraw our opinion and judgment dated April 24, 2012, substitute the following
opinion and judgment in their place, and deny the motion for rehearing.

 Appellant Blair Duane Wright appeals a reformed judgment modifying his sentence
for driving while intoxicated with a child passenger. We dismiss the appeal for lack of jurisdiction.


PROCEDURAL BACKGROUND

 In February 2009, pursuant to a plea bargain, appellant pleaded guilty to the offense
of driving while intoxicated with a child passenger, a state jail felony. See Tex. Penal Code Ann.
§ 49.045 (West 2011). He also pleaded true to two enhancement paragraphs, one alleging a previous
conviction for theft of more than $1500, a state jail felony, and another alleging a prior conviction
for obstruction or retaliation, a third degree felony. See id. §§ 31.03(a), (e)(4)(A), 36.06(a), (c) (West
Supp. 2011). After finding him guilty, the trial court assessed the agreed punishment of confinement
for 19 years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ),
purportedly under the repeat-offender provisions of the penal code. (1) See id. § 12.42(a)(2) (West
Supp. 2010) (providing that at trial of unaggravated state jail felony, defendant shall be punished for
second degree felony upon proof of two previous sequential felony convictions).

 In November 2009, ten months after being sentenced, appellant wrote a pro se letter
to the trial court complaining that the sentence was unlawful because a state jail felony had been
improperly used to enhance the punishment for the DWI state jail offense to that of a second degree
felony. See Campbell v. State, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001) (holding that as used
in section 12.42(a), "felony" and "state jail felony" are mutually exclusive). Pursuant to a bench
warrant returning him from TDCJ, appellant was subsequently brought back before the trial court. 
In May 2010, the trial court conducted a hearing to address the enhancement issue. The State
conceded that the punishment for appellant's DWI-with-a-child-passenger offense was improperly
enhanced and resulted in an unlawful sentence. Agreeing that the two previous convictions did not
operate to enhance his punishment under the applicable repeat-offender provision, the trial court
re-sentenced appellant to two years' confinement in a state jail facility, a term within the applicable
punishment range.


LACK OF JURISDICTION

Trial Court Certification

 The clerk's record in this appeal contains two trial court certifications. One is
dated February 20, 2009, the date of the original plea and sentencing. The second is dated
September 10, 2010, four months after the re-sentencing. Both certifications state that "this criminal
case is a plea-bargain case, and the defendant has NO right of appeal." (2) We are required to dismiss
an appeal "if a certification that shows the defendant has a right of appeal has not been made part
of the record." See Tex. R. App. P. 25.2(d); Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim.
App. 2005).



Permission to Appeal

 At the re-sentencing proceeding, appellant argued that the sentence on his failure-to-appear conviction should be modified along with the DWI sentence. The State opposed that
re-sentencing, arguing that failure to appear was a separate offense and that the punishment assessed
for it was properly enhanced. Appellant, however, asserted that because the plea bargain involved
disposing of both cases, the modification of one sentence should result in modification of the
other.  In seeking re-sentencing for the failure-to-appear conviction, appellant's counsel made the
following statements:



 In other words, if there's to be a sentencing in the DWI, then we believe there
should be a new sentencing in the bond jumping charge also.

 [W]e would like to then enter an appeal concerning the fact that the bond
jumping charge has now been separated out; and that sentence is allowed
to stand.


 


 We want them as a total package, Your Honor; and, therefore, we would
enter our objection to just sentencing on the DWI case.


 


 But in either case, if the Court sees fit overrule my motion [to modify the
failure to appear sentence], then I will help my client to perfect an appeal in
this matter, and we will address it in that capacity to get him another hearing.




The trial court indicated that it did not have the authority to modify the sentence on the failure-to-appear charge. The court re-sentenced appellant on the DWI-with-a-child-passenger offense and
ordered that sentence to run concurrently with the 19-year failure-to-appear sentence. The court then
stated, "Now as far as that goes, I'm going to tell you that you have 30 days in which to appeal the
decision in this matter."

 In his motion for rehearing, appellant asserts that the trial court's statement that
appellant had 30 days in which to appeal "the decision in this matter" demonstrates that he did have
permission to appeal the re-sentencing in this cause and therefore is dispositive. We disagree. The
record reflects that appellant did not object to the trial court's re-sentencing him for the
DWI-with-a-child-passenger offense, only to the trial court's refusal to also re-sentence him on the
failure-to-appear charge. A reading of the record as a whole reflects that appellant wanted to appeal
the trial court's refusal to re-sentence him on the failure-to-appear charge, and that is what the court
gave permission to appeal. We do not construe the grant of permission to complain about the trial
court's failure to modify the failure-to-appear sentence in a separate case as including a grant of
permission to appeal the modified sentence in the instant case. Thus, we do not find the trial court's
certification to be defective. See Dears, 154 S.W.3d at 613 (certification is defective if it is contrary
to record); Tex. R. App. P. 37.1.

 Appellant also maintains on rehearing that the trial court's certification completed
in connection with the re-sentencing reflected a "plea bargain" but no waiver of appeal. However,
in our previous opinion, we did not suggest that the trial court certification indicated that appellant
had waived his right to appeal. Rather, we noted that the trial court had certified that "this criminal
case is a plea-bargain case, and the defendant has NO right of appeal."


Abatement

 In his motion for rehearing, appellant complains that this Court "overlooked its own
opinion of June 15, 2011." The original appellate counsel in this case filed an Anders brief. In
response, appellant filed a pro se brief. On June 15, 2011 this Court issued a memorandum opinion
abating the appeal and remanding the case to the trial court for the appointment of new appellate
counsel because we concluded that one of the contentions raised by appellant in his pro se brief
constituted an arguable ground for appeal. Unfortunately, at the time we abated the appeal, we
apparently overlooked the fact that the trial court certification failed to certify that appellant had a
right to appeal. In his motion for rehearing, appellant asks us to "take notice" of our June 15, 2011
opinion. However, that opinion neither replaces nor obviates the requirement of a trial court
certification reflecting that appellant has a right to appeal.

 The record in this case does not contain a trial court certification reflecting that
appellant has the right to appeal. Thus, we have no choice but to dismiss the appeal. See Tex. R.
App. P. 25.2(d). Moreover, even if we had jurisdiction in this case, we could not provide appellant
the relief he seeks. The briefs submitted post-abatement have enabled us to discern the exact nature
of appellant's contention, and, for the reasons discussed below, we have concluded that we do not
have the authority to reverse appellant's conviction and grant him the new trial he seeks.


VOID JUDGMENT

 In his sole point of error, appellant argues that the trial court erred in re-sentencing
him because the proper remedy for the illegal sentence imposed due to improper
enhancement--which resulted in an unenforceable plea bargain agreement--was to allow him to
withdraw his plea and return the parties to their original positions. (3) Under normal circumstances,
appellant would be correct. When a plea-bargain agreement calls for a sentence greater than
that authorized by law, the defendant must be allowed to withdraw his plea. Ex parte Rich,
194 S.W.3d 508, 514 (Tex. Crim. App. 2006). The instant appeal, however, is not from the original
judgment of conviction but from the trial court's reformed judgment modifying appellant's sentence,
which does not impose an illegal sentence. While we agree that the trial court erred in simply
re-sentencing appellant, the more immediate problem in the instant appeal is not that the court erred
in doing so but that it lacked jurisdiction to do so.

 A trial court's jurisdiction over a case is an absolute systemic requirement. State
v. Dunbar, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009); Saldano v. State, 70 S.W.3d 873, 888
(Tex. Crim. App. 2002). Without jurisdiction, the trial court has no power to act. Dunbar,
297 S.W.3d at 780. A trial court's jurisdiction over a criminal case consists of "the power of the
court over the 'subject matter' of the case, conveyed by statute or constitutional provision, coupled
with 'personal' jurisdiction over the accused, which is invoked in felony prosecutions by the filing
of [an] indictment or information if indictment is waived." Id. at 780 (quoting Fairfield v. State,
610 S.W.2d 771, 779 (Tex. Crim. App. 1981)). If no community supervision is imposed, no motion
for new trial or in arrest of judgment is filed, and no appeal is taken, then the trial court's personal
jurisdiction over the defendant terminates 30 days after sentencing. Id. at 780; see Collins v. State,
240 S.W.3d 925, 927 (Tex. Crim. App. 2007); Tex. R. App. Proc. 21.4, 22.3. Consequently, after
that 30-day period, "'a source of jurisdiction must be found to authorize the trial court's orders.'" 
Dunbar, 297 S.W.3d at 780 (quoting State v. Patrick, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002)
(plurality op.)).

 In the instant case, the trial court lost personal jurisdiction over appellant 30 days after
sentencing him on February 20, 2009. We discern no source of jurisdiction to authorize the trial
court's modification of appellant's sentence on May 21, 2010. Texas Rule of Appellate Procedure
21.1 defines "new trial on punishment" as "a new hearing of the punishment stage of a criminal
action after the trial court has, on the defendant's motion, set aside an assessment of punishment
without setting aside a finding or verdict of guilt." Tex. R. App. P. 21.1(b). Arguably appellant's
letter could be construed as a motion for new trial on punishment. (4) However, such a motion must
be filed within 30 days after the date the trial court imposed sentence. Tex. R. App. P. 21.4(a). 
Thus, even if so construed, appellant's request was untimely. The power to grant a motion for new
trial is an exercise of "particular authority" by a court of "limited jurisdiction." State v. Holloway,
No. PD-0324-11, 2012 WL 715977, at *3 (Tex. Crim. App. Mar. 7, 2012). When the statutory
timetable is not followed, the trial court lacks jurisdiction to thereafter rule on the merits of the
motion for new trial. Id.

 A court has inherent power to correct, modify, vacate, or amend its own rulings so
long as the court does not exceed a statutory timetable. See State v. Aguilera, 165 S.W.3d 695, 698
n.7 (Tex. Crim. App. 2005); Awadelkariem v. State, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998).

Thus, a trial court retains plenary power to modify its sentence if a motion for new trial is filed
within 30 days of sentencing. (5) State v. Davis, 349 S.W.3d 535, 537 (Tex. Crim. App. 2011);
Aguilera, 165 S.W.3d at 697-98. However, a trial court does not have the inherent authority to alter,
modify, or vacate a sentence imposed in open court without statutory authorization and without the
presence of the parties. (6) Davis, 349 S.W.3d at 539-40 (citing McClinton v. State, 121 S.W.3d 768,
771 (Tex. Crim. App. 2003) (Cochran, J., concurring)). Accordingly, belated--that is, untimely and
therefore unauthorized--attempts to alter a defendant's sentence are "null and void of effect." 
Ex parte Brown, 477 S.W.2d 552, 554 (Tex. Crim. App. 1972) (trial court's re-sentencing order
making sentences cumulative entered after defendant had been imprisoned for two months was
invalid). Here, the trial court attempted to modify appellant's sentence 15 months after the original
sentence was imposed, well beyond the period in which the court had authority to exercise its plenary
power to modify the sentence.

 Because the trial court had no jurisdiction to modify appellant's sentence, the
reformed judgment doing so is void. See Ex parte Redmond, 605 S.W.2d 600, 601 (Tex. Crim. App.
1980) (holding judgments of conviction were void because district court never acquired jurisdiction
over juvenile defendant). "'A void judgment is a nullity from the beginning, and is attended by none
of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not
affect, impair, or create legal rights.'" Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001)
(quoting Ex parte Spaulding, 687 S.W.2d 741, 745 (Tex. Crim. App. 1985) (Teague, J., dissenting
and concurring)); see also Black's Law Dictionary 921, 1709 (9th ed. 2009). Even if we had
jurisdiction over this appeal, vacating the void reformed judgment would simply leave the original
judgment in effect. But we have no jurisdiction to grant any relief from the February 2009 judgment,
even though it imposed an illegal sentence. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim.
App. 1998) (absent timely filed notice of appeal, appellate court does not obtain jurisdiction to
address merits of appeal in criminal case and can take no action other than to dismiss appeal for want
of jurisdiction); Tex. R. App. P. 26.2(a).

 The habeas corpus procedure set out in article 11.07 of the Code of Criminal
Procedure provides the exclusive remedy for felony post-conviction relief in state court. See Tex.
Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2011) ("After conviction the procedure outlined
in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in
discharging the prisoner."); see also Ex parte Waggoner, 61 S.W.3d 429, 431 (Tex. Crim. App.
2001) ("Habeas corpus is reserved for those instances in which there is a jurisdictional defect in the
trial court which renders the judgment void . . . ."); Rich, 194 S.W.3d at 511 (claim of illegal
sentence is cognizable on writ of habeas corpus). Further, article 11.07 vests complete jurisdiction
over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. 
See id.; Hoang v. State, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only court of criminal appeals
has authority to grant post-conviction relief from final felony convictions). If appellant has any
remedy, it is through that procedure.


CONCLUSION

 Based upon the record before us, we have neither the jurisdiction nor the authority
to grant appellant the relief he seeks. We dismiss this appeal for lack of jurisdiction.




 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed: May 22, 2012

Do Not Publish
1. At the same proceeding, appellant also pleaded guilty to the offense of failure to appear,
a third degree felony. See Tex. Penal Code Ann. § 38.10(a), (f) (West 2011). The same two prior
convictions were used to enhance the punishment for the failure-to-appear offense, purportedly under
the habitual-offender provision of the penal code. See id. § 12.42(d) (West Supp. 2011) (providing
that at trial of a felony offense other than unaggravated state jail felony, defendant shall be punished
by imprisonment for life or any term not more than 99 years or less than 25 years upon proof of
two previous sequential felony convictions). However, as part of the plea-bargain agreement, the
State abandoned one of the enhancement paragraphs in order to bring the punishment range within
that of a second degree felony so that the trial court could assess the same negotiated 19-year prison
term. See id. § 12.42(a)(3) (providing that at trial of third degree felony, defendant shall be punished
for second degree felony upon proof of previous felony conviction). The record does not reflect
which enhancement paragraph was abandoned. Although the failure-to-appear conviction is not
before us in this appeal, we note that the use of a previous state jail felony conviction to enhance a
third degree felony under section 12.42(a)(3) may also violate the holding in Campbell that the terms
"felony" and "state jail felony," as used in section 12.42(a), are mutually exclusive. See id.;
Campbell v. State, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001). This is an issue appellant may urge
in a post-conviction habeas corpus application. See Ex parte Rich, 194 S.W.3d 508, 511 (Tex. Crim.
App. 2006).
2. We also note that appellant's signature does not appear on either certification. See Tex.
R. App. P. 25.2(d) (specifying that notification "shall be signed by the defendant").
3. The State concedes that the plea-bargain agreement was impossible to perform and,
therefore, appellant should have been allowed to withdraw his plea. The State further acknowledges
that the trial court erred in simply re-sentencing appellant.
4. The trial court's docket sheet reflects the trial judge's notation that the court "grant[ed]
defendant's motion to resentence [sic]." We believe that, substantively, a motion to re-sentence is
the equivalent of a motion for new trial on punishment.
5. A trial court may, by entry of a judgment nunc pro tunc, correct clerical mistakes in a
judgment or order at any time, even after the expiration of the court's plenary power. See Ex parte
Donaldson, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002); see Tex. R. App. P. 23.
6. For example, under the "shock probation" statute, the trial court has express statutory
authorization to modify a sentence of imprisonment that has been previously imposed to place a
defendant on community supervision under certain specified circumstances. See Tex. Code. Crim.
Proc. Ann. art 42.12, § 6 (West Supp. 2011).