IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,357-01, -02 & -03






EX PARTE FERNANDO RODRIGUEZ-PADILLA, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-9430604-QT, F-9430605-QT & F-9430606-QT 


IN THE 283RD DISTRICT COURT

FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts
of delivery of marihuana and sentenced to three years' imprisonment on each count. He did not
appeal his convictions.

 Applicant contends that because he was a juvenile when he committed these offenses, the
trial court lacked jurisdiction. Applicant has alleged facts that, if true, might entitle him to relief. 
Ex parte Waggoner, 61 S.W.3d 429 (Tex. Crim. App. 2001). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact and conclusions of law as to whether
Applicant is suffering collateral consequences. Tex. Code Crim. Proc. art. 11.07, § 3(c); Ex parte
Harrington, 310 S.W.3d 452 (Tex. Crim. App. 2012). The trial court shall specifically determine
whether these convictions elevated Applicant's punishment range in a federal conviction for illegal
reentry and, if so, whether Applicant continues to serve his sentence for illegal reentry. The trial
court shall then determine whether the trial court lacked jurisdiction. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 26, 2012

Do not publish